SHAW FOOD SERVICES CO. v. MOREHOUSE COLLEGE

[108 N.C. App. 95 (1992)]

---

SHAW FOOD SERVICES COMPANY, INC., PLAINTIFF-APPELLEE v. MOREHOUSE COLLEGE, DEFENDANT-APPELLANT

No. 9110SC1132

(Filed 17 November 1992)

**Process § 14.3 (NCI3d) — college food service contract — out-of-state college — North Carolina company — minimum contacts**

The trial court properly denied defendant's motion to dismiss for lack of personal jurisdiction where defendant was

a college located in Atlanta, Georgia; plaintiff was a Mississippi corporation with its principal place of business in North Carolina; plaintiff and defendant entered into a contract for plaintiff to provide its food services; defendant subsequently attempted to terminate that contract; and plaintiff filed an action in North Carolina challenging the termination. Forcing defendant to litigate this contract dispute in North Carolina does not offend notions of fair play and substantial justice because the contract itself states the situs of the contract as North Carolina and specifies that North Carolina law is to govern; defendant contacted plaintiff in North Carolina and solicited the plaintiff to come to Atlanta to develop and submit a proposal for administering food services at the college; the contract envisioned an ongoing relationship between the defendant and the forum state as its daily operation required regular and systemic interaction between defendant and plaintiff's North Carolina headquarters; and defendant could reasonably have foreseen that disputes arising out of the contractual relationship would well be litigated in North Carolina.

**Am Jur 2d, Courts § 146.**

**Construction and application of state statutes or rules of court predicating in personam jurisdiction over nonresidents or foreign corporations on making or performing a contract within the state. 23 ALR3d 551.**

APPEAL by defendant from an order entered 25 July 1991 in WAKE County Superior Court by *Judge Robert L. Farmer*. Heard in the Court of Appeals 21 October 1992.

On 16 July 1991, plaintiff Shaw Food Services Company, Inc. (Shaw Food), a Mississippi corporation with its principal offices in Fayetteville, North Carolina, filed a complaint alleging breach of contract against Morehouse College, a private college located in Atlanta, Georgia. The action arose out of a service contract that was entered into on 14 May 1990 in which the parties agreed that plaintiff would occupy the college's dining hall facilities and provide food services to the students and staff of Morehouse College. From 1 June 1990 until 20 July 1991, plaintiff operated defendant's dining hall facilities. On 23 May 1991, defendant attempted to terminate the parties' contract. Challenging the validity of de-

fendant's subsequent termination of the contract and alleging breach, plaintiff filed this action.

On 25 July 1991, defendant filed a motion to dismiss, pursuant to Rule 12(b)(1) and 12(b)(2) of the North Carolina Rules of Civil Procedure, alleging that North Carolina's courts lacked personal jurisdiction over the defendant. On 25 July 1991, Judge Farmer issued an order denying defendant's motion to dismiss and on 1 August 1991, defendant filed notice of appeal.

*Hunton & Williams, by A. Todd Brown and Odes L. Stroupe, Jr., for plaintiff-appellee.*

*Ferguson, Stein, Watt, Wallas, Adkins & Gresham, P.A., by Adam Stein and Melvin L. Watt, for defendant-appellant.*

WELLS, Judge.

The sole issue on appeal is whether the trial court erred in denying defendant's motion to dismiss for lack of personal jurisdiction.

"We apply a two step analysis in determining whether our state courts have *in personam* jurisdiction over non-resident defendants. 'First, the transaction must fall within the language of the State's long-arm statute. Second, the exercise of jurisdiction must not violate the due process clause of the fourteenth amendment to the United States Constitution.'" *Climatological Consulting Corp. v. Trattner*, 105 N.C. App. 669, 414 S.E.2d 382 (1992) (*quoting Tom Togs, Inc. v. Ben Elias Industries Corp.*, 318 N.C. 361, 348 S.E.2d 782 (1986)).

In the case at bar, the defendant does not contest the trial court's finding of statutory jurisdiction. Therefore, we need only address whether this assertion of jurisdiction is consistent with the Fourteenth Amendment's due process guarantee.

### The Trial Court's Findings

The following is a summary of the trial court's findings of fact and conclusions of law that are pertinent to this appeal, which Judge Farmer included in the order denying defendant's motion to dismiss for lack of *in personam* jurisdiction:

In April of 1990, LeRoy Keith, President of Morehouse College, contacted Shaw Food by phone, indicated that Morehouse College

was searching for a food service provider for the 1990-1991 school year and beyond, and then solicited and requested Shaw Food to come from its headquarters in North Carolina to Georgia to assess the food services operation at Morehouse College and to submit a proposal with recommendations regarding facility layout, decor, ambience, equipment, etc. In response to Dr. Keith's request, representatives from Shaw Food's North Carolina headquarters traveled to Atlanta and began an assessment study of Morehouse College's dining facilities. On 1 May 1990, Shaw Food forwarded to Morehouse College a report on the results of their operation assessment studies and supplemented that report with a detailed budgetary plan. All feasibility studies and cafeteria designs were developed by Shaw Food in North Carolina and delivered from North Carolina to Morehouse College. This fact was known to Morehouse College.

On 14 May 1990, Morehouse College entered into an agreement for food services with Shaw Food and the contract between Shaw Food and Morehouse College specifically indicated that the situs of the contract shall be Cumberland County, North Carolina. On page 15 of the contract, it is specifically stated that, "This contract shall be governed by the laws of the State of North Carolina."

Morehouse College knew that Shaw Food was a North Carolina Corporation and that to fulfill its obligations under the agreement Shaw Food would have to relocate management personnel from North Carolina to Georgia and send or ship vehicles, inventory and equipment. Morehouse College also knew that all administrative support required by Shaw Food in carrying out the contract, (including accounting, payroll, tax withholding, legal affairs, management training, etc.), would be located in North Carolina and that the food services operations would be centrally operated and directed by Shaw Food's executives, located at Shaw Food's headquarters in Fayetteville, North Carolina.

The contract between Shaw Food and Morehouse College had a substantial connection with the State of North Carolina. Morehouse College benefitted from the laws of North Carolina by, *inter alia*, entering the market to solicit Shaw Food's services. Requiring Morehouse College to litigate in the State of North Carolina does not offend notions of fair play and justice and would not violate constitutional due process requirements of the United States and North Carolina Constitutions.

## Due Process Analysis

Basically, the defendant contends that Morehouse College's contacts with North Carolina are so attenuated that imposing personal jurisdiction in this State over this defendant offends notions of fair play and substantial justice. We disagree.

To satisfy requirements of the due process clause when establishing the existence of a forum state's jurisdiction over a foreign defendant, there must exist certain minimum contacts between the non-resident defendant and the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Tom Togs, Inc., supra.* "The forum state may exercise jurisdiction over a defendant if there are 'sufficient continuous and systematic' contacts between the defendant and the forum state." *Cherry Bekaert & Holland v. Brown,* 99 N.C. App. 626, 394 S.E.2d 651 (1990) (*quoting Williams v. Institute for Computational Studies,* 85 N.C. App. 421, 355 S.E.2d 177 (1987) ). "[A] single contract may be a sufficient basis for the exercise of *in personam* jurisdiction if it has substantial connection with this state." *Id.*

In the case at bar, the contract itself states the situs of the agreement to be North Carolina and specifies that North Carolina law is to govern. When establishing a forum state's jurisdiction, "[a] factor in determining fairness concerning a breach of contract cause of action is whether the contract expressly provides that the law of the forum state would apply to actions arising out of the contract." *Id.*

Secondly, the trial court found that the defendant contacted the plaintiff in North Carolina and solicited the plaintiff to come to Atlanta to develop and submit a proposal for administering food services at the College. Solicitation of business by the foreign defendant in the forum state is a factor to consider when determining whether a particular defendant has established the minimum contact with the forum state to satisfy due process. *See Mabry v. Fuller-Shuwayer Co.,* 50 N.C. App. 245, 273 S.E.2d 509, *cert. denied,* 302 N.C. 398, 279 S.E.2d 352 (1981).

Thirdly, the contract envisioned an ongoing relationship between the defendant and the forum state as the contract's potential duration was for several years and its daily operation required regular and systematic interaction between the defendant and the

plaintiff's North Carolina headquarters. The fact that the dining facility assessment reports were substantially compiled in North Carolina and that the administrative support and the overall supervision of the dining facilities were centrally located in North Carolina supports the conclusion that the defendant in this case received substantial benefits from its interaction with the forum state. North Carolina has a legitimate interest in exercising personal jurisdiction over parties to contracts that are formed in and are to be substantially carried out in North Carolina. *Tom Togs, Inc., supra.*

Lastly, considering that the situs of the contract was North Carolina, the choice of law the contract applied was North Carolina law, and the fact that substantial and necessary elements of the contract's performance were carried out in North Carolina, the defendant could have reasonably foreseen that disputes arising out of this contractual relationship could well be litigated in North Carolina. For the reasons stated above, we find that forcing the defendant to litigate this contract dispute in North Carolina does not offend notions of fair play and substantial justice.

Therefore, the trial court's order denying defendant's motion to dismiss for lack of personal jurisdiction is

Affirmed.

Chief Judge HEDRICK and Judge ARNOLD concur.