W. CONWAY OWINGS AND ASSOCIATES, INC., D/B/A PIEDMONT EXPORTS, INC. AND D/B/A OWINGS JEANS AND FASHIONS GMBH CO., KG v. KARMAN, INC., D/B/A KARMAN WESTERN APPAREL, D/B/A KENNY ROGERS WESTERN COLLECTION BY KARMAN AND D/B/A MOUNTAIN TRAILS OUTERWEAR COLLECTION BY KARMAN

No. 8418SC1050

(Filed 2 July 1985)

**1. Process § 9— jurisdiction over foreign corporation—statutory authority**
      North Carolina courts had jurisdiction over a Colorado corporation which shipped goods to a buyer in North Carolina under provisions of G.S. 1-75.4(1)(d) authorizing the exercise of jurisdiction over a party engaged in substantial activity in this state.

**2. Process § 9— jurisdiction over foreign corporation—statutory authority**
      North Carolina courts had jurisdiction over a Colorado corporation which shipped goods to a buyer in North Carolina under provisions of G.S. 1-75.4(5)(e) authorizing the exercise of jurisdiction in an action relating to goods "actually received by the plaintiff in this state from the defendant through a carrier without regard to where delivery to the carrier occurred" although the goods were shipped F.O.B. Denver and title thus passed in Colorado. Furthermore, the goods were received by plaintiff in North Carolina within the meaning of the statute even though they were then shipped from North Carolina to Germany without being opened.

3. **Constitutional Law § 24.7; Process § 9— jurisdiction over foreign corpora-
tion — sufficient minimum contacts**

   A Colorado corporation had sufficient contacts with this state so that the
exercise of personal jurisdiction over it in a North Carolina buyer's action for
breach of warranty did not violate due process where the goods which defend-
ant foreign corporation allegedly warranted were delivered to North Carolina,
payments for the goods were made from North Carolina, and the corporation
which claims a breach of warranty is domiciled in this state.

APPEAL by defendant from *Washington, Judge.* Order en-
tered 13 July 1984 in Superior Court, GUILFORD County. Heard in
the Court of Appeals 8 May 1985.

The defendant appeals from a denial of its motion to dismiss
for lack of in personam jurisdiction. The plaintiff brought this ac-
tion for breach of warranty for clothing it had bought from the
defendant. The defendant made a motion to dismiss on the ground
of lack of personal jurisdiction over the defendant.

The materials filed in support of the motion to dismiss
showed the defendant is a Colorado corporation with its principal
place of business in Denver, Colorado. It manufactures and sells
*western style clothing.* It maintains showrooms in Denver, Col-
orado, and Dallas, Texas, but has no sales or business office,
telephone listing, bank account, mailing address, or employees in
North Carolina. The defendant has no interest in any property in
North Carolina and does not receive or use textiles from North
Carolina.

Between 23 April 1981 and 14 December 1981 plaintiff pur-
chased certain goods from the defendant in a series of transac-
tions in Denver, Colorado. The goods were chosen at a western
wear show at the defendant's Denver showroom. They were
shipped to North Carolina and without being opened shipped to
Germany for resale. All order forms and invoices which constitute
the contracts between the parties say, "All orders are subject to
acceptance and approval in the home office in Denver, Colorado"
and "This contract is made pursuant to Colorado law." The goods
were shipped by common carrier F.O.B. Denver, Colorado. The
plaintiff had purchased goods from the defendant under the same
circumstances in 1979.

The plaintiff alleged it discovered the goods were defective
after they reached Germany.

The court denied the defendant's motion to dismiss and this appeal followed.

*Adams, Kleemeier, Hagan, Hannah & Fouts, by Joseph W. Moss and Margaret E. Shea, for plaintiff appellee.*

*Smith, Moore, Smith, Schell & Hunter, by Peter J. Covington, for defendant appellant.*

WEBB, Judge.

[1] This case brings to the Court two questions: (1) whether the General Statutes permit the courts of this state to exercise in personam jurisdiction over the defendant, and (2) whether the exercise of jurisdiction by our courts violates due process of law. *See Dillon v. Funding Corp.,* 291 N.C. 674, 231 S.E. 2d 629 (1977). We believe our statutes authorize personal jurisdiction in this case. G.S. 1-75.4 provides in part:

A court of this State having jurisdiction of the subject matter has jurisdiction over a person served . . . under any of the following circumstances:

(1) Local Presence or Status.—In any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party:

. . . .

d. Is engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise.

. . . .

(5) Local Services, Goods or Contracts.—In any action which:

. . . .

e. Relates to goods, documents of title, or other things of value actually received by the plaintiff in this State from the defendant through a carrier without regard to where the delivery to the carrier occurred.

In *Dillon v. Funding Corp., supra,* our Supreme Court said it is apparent that G.S. 1-75.4(1)(d) intended to make available to our courts the full jurisdictional powers permissible under federal due

process and held that our courts had in personam jurisdiction in that case. If this be the test we have only to determine that the due process clause of the Fourteenth Amendment to the United States Constitution does not bar in personam jurisdiction to make G.S. 1-75.4(1)(d) applicable.

[2] We believe G.S. 1-75.4(5)(e) also grants our courts in personam jurisdiction. The defendant argues that it does not apply because the goods were shipped F.O.B. Denver at which point the title to the goods passed. We do not so read G.S. 1-75.4(5)(e). We believe that the words "actually received by the plaintiff in this State from the defendant through a carrier without regard to where delivery to the carrier occurred" means that wherever title passed jurisdiction is conferred if the plaintiff does not take actual possession of the goods until they arrive in North Carolina.

The defendant argues that the goods were not received in North Carolina. The plaintiff in its complaint alleged that there was an "understanding and agreement that the goods would be shipped directly from Karman to their final destination." There was in evidence a letter from the plaintiff's president which states "Karman knew the goods were going directly to Germany and knew from prior shipments and from the routing of these shipments that they would go direct from your plant to Germany." The defendant argues that this shows the goods were not received in North Carolina but were received in Germany. For this reason it says G.S. 1-75.4(5)(e) does not apply. The invoices show the goods were received by a subsidiary of the plaintiff in Charlotte, Fayetteville and Wilmington. We believe this evidence shows they were received by the plaintiff in North Carolina. We hold that the Superior Court of Guilford County has in personam jurisdiction under G.S. 1-75.4(5)(e). The question then becomes does the entertainment of jurisdiction by our courts in this case deprive the defendant of due process of law.

[3] *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154 (1945) is the seminal case dealing with in personam jurisdiction over residents or corporations of other states. In that case the United States Supreme Court held the courts of the State of Washington had in personam jurisdiction over a Delaware corporation to render a judgment for unemployment compensation tax. The corporation had salesmen residing in

Washington who took orders for shoes. The orders were transmitted to St. Louis, Missouri, where they were accepted. The shoes were shipped F.O.B. at the point of origin. The Supreme Court said:

> [D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

*Id.* at 316, 90 L.Ed. at 102, 66 S.Ct. at 158. The Court said that in determining whether the contacts which confer jurisdiction "offend traditional notions of fair play" an "estimate of the inconveniences" to the defendant in trying the case should be considered. *Id.* at 317, 90 L.Ed. at 102, 66 S.Ct. at 158. It also said a factor to be considered is whether the obligation arises out of and is connected with the activity within the State. *Id.* at 319, 90 L.Ed. at 104, 66 S.Ct. at 160.

*International Shoe* has been cited in many cases. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* --- U.S. ---, 80 L.Ed. 2d 404, 104 S.Ct. 1868 (1984); *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 62 L.Ed. 2d 490, 100 S.Ct. 559 (1980); *McGee v. International Life Insurance Co.,* 355 U.S. 220, 2 L.Ed. 2d 223, 78 S.Ct. 199 (1957); *Miller v. Kite,* 313 N.C. 474, --- S.E. 2d --- (1985); *Patrum v. Anderson,* 75 N.C. App. 165, --- S.E. 2d --- (1985); and *Phoenix America Corp. v. Brissey,* 46 N.C. App. 527, 265 S.E. 2d 476 (1980).

In determining whether the contacts of the defendant with this State are such that "traditional notions of fair play and substantial justice" are violated if the courts of this State exercise in personam jurisdiction we believe we are bound by *McGee v. International Life Insurance Co., supra.* In that case a beneficiary of a life insurance policy brought an action on the policy in California against a Texas corporation. The decedent had purchased the policy from an Arizona corporation and the Texas life insurance company had assumed the obligations of the Arizona corporation. The Texas corporation mailed a reinsurance certificate to the decedent offering to insure him in accordance with the terms of the policy he had with the Arizona company. The decedent accepted the offer and from that time until his death he

paid his premiums by mail to the Texas company. Neither of the two insurance companies ever had an office or an agent in California. The Texas insurance company never solicited or did any business in California apart from the insurance policy involved in that case. The court held the due process clause of the Fourteenth Amendment did not preclude a California court from exercising in personam jurisdiction over the Texas corporation. The Supreme Court said, "It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State. . . . The contract was delivered in California, the premiums were mailed from there and the insured was a resident of that State when he died." *Id.* at 233, 2 L.Ed. 2d at 226, 78 S.Ct. at 201.

If it was not a violation of due process for the California courts to exercise in personam jurisdiction in *McGee* we do not believe it is a violation of due process for our courts to exercise it in this case. The goods which the defendant allegedly warranted were delivered to North Carolina, the payments for the goods were made from North Carolina and the corporation which claims a breach of warranty is domiciled in this State. We hold these contacts are sufficient under *McGee* to give our courts in personam jurisdiction.

Affirmed.

Chief Judge HEDRICK and Judge WHICHARD concur.