COLLECTOR CARS OF NAGS HEAD, INC. v. G.C.S. ELECTRONICS

No. 851DC1285

(Filed 19 August 1986)

**1. Process § 14.4— foreign corporation—jurisdiction—promise to deliver goods to a carrier for shipment to North Carolina**

A promise to deliver goods to a carrier for shipment to North Carolina was sufficient to confer statutory jurisdiction under N.C.G.S. § 1-75.4(5)(e).

**2. Process § 14.3— foreign corporation—jurisdiction—contract made in North Carolina**

N.C.G.S. § 55-145(a)(1) (1982) provided jurisdiction over a foreign corporation where a North Carolina corporation called from North Carolina and offered to purchase the product, and the written contract was executed in North Carolina.

**3. Process § 14.2— foreign corporation—minimum contacts**

The demands of due process were satisfied since a suit was based on a contract with substantial connection with North Carolina where G.C.S., the foreign corporation, purposely entered into a contract with Collector Cars promising to ship its product to North Carolina through a carrier; Collector Cars' president called G.C.S. from North Carolina to make the offer; and G.C.S. mailed the contract to North Carolina, accepted payment mailed from North Carolina, and mailed a confirmation of the contract to North Carolina.

APPEAL by defendant from *Parker, Judge.* Judgment entered 3 October 1985 in District Court, DARE County. Heard in the Court of Appeals 16 April 1986.

*Leonard G. Logan, Jr., P.A., by Leonard G. Logan, for plaintiff appellee.*

*Shearin & Archbell, by Roy A. Archbell, Jr., for defendant appellant.*

BECTON, Judge.

Defendant, G.C.S. Electronics, Inc., a California corporation, appeals from the trial court's ruling that the North Carolina courts have *in personam* jurisdiction over the defendant in an action brought by Collector Cars of Nags Head, Inc., a North Carolina corporation. We affirm.

I

G.C.S. Electronics, Inc. (G.C.S.), a California corporation whose principal place of business is in Costa Mesa, California, advertised a portable telephone in a national publication with circulation in North Carolina. The president of Collector Cars of Nags Head, Inc. (Collector Cars) telephoned G.C.S. in California in response to this advertisement and offered to purchase an "Auto Phone" for $4,595.00. G.C.S. mailed a written contract from California to Collector Cars in North Carolina which confirmed the order and price. The contract provided that the laws of California would govern the agreement, that the costs of shipment were to be borne by Collector Cars, and that all risk of loss would pass to Collector Cars when G.C.S. delivered the product to a carrier for shipment to North Carolina. Collector Cars executed the contract in North Carolina and mailed the contract and a check for the full purchase price to G.C.S. in California. G.C.S. negotiated the check in California and mailed a confirmation of the contract to North Carolina.

Collector Cars later attempted to cancel the contract, alleging G.C.S. breached the agreement in failing to meet the delivery date. G.C.S. has not delivered the product, and Collector Cars seeks to recover the purchase price.

G.C.S. has no agents or employees who have ever been in North Carolina in connection with its business activities, nor were other sales made by G.C.S. to anyone located in North Carolina prior to this contract. G.C.S. does not advertise in magazines or newspapers whose circulation is primarily limited to North Carolina.

II

[1] The determination whether there is *in personam* jurisdiction over a foreign corporation is two-part: (1) Does a statutory basis for personal jurisdiction exist, and (2) if so, does the exercise of this jurisdiction violate constitutional due process? *J. M. Thompson Co. v. Doral Manufacturing Co., Inc.*, 72 N.C. App. 419, 324 S.E. 2d 909, *disc. rev. denied*, 313 N.C. 603, 330 S.E. 2d 611 (1985). N.C. Gen. Stat. Sec. 1-75.41(5)(c) and (e) (1983) provide a statutory basis for personal jurisdiction when an action:

(c) Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this State or to ship from this State goods, documents of title, or other things of value.

* * * *

(e) Relates to goods, documents of title, or other things of value actually received by the plaintiff in this State from the defendant through a carrier without regard to where delivery to the carrier occurred.

G.C.S. contends G.S. Sec. 1-75.4(5)(c) is inapplicable to these facts since G.C.S. never promised to deliver the product to North Carolina, but instead promised delivery to a carrier for shipment to Collector Cars. G.C.S. also argues G.S. Sec. 1-75.4(5)(e) is inapplicable because the goods were never "actually received" in North Carolina.

We agree with Collector Cars' contention that the promise to deliver goods to a carrier for shipment to North Carolina is sufficient to confer statutory jurisdiction. This Court has interpreted G.S. 1-75.4(5)(e) to give jurisdiction over a foreign corporation when title to the goods passed upon delivery to a carrier in another state, but the plaintiff did not take actual possession until the goods arrived in North Carolina. *W. Conway Owens and Associates, Inc. v. Karman, Inc.*, 75 N.C. App. 559, 331 S.E. 2d 279 (1985). G.S. 1-75.4(5)(c) confers jurisdiction when a foreign corporation promises to deliver goods to this State. G.C.S.'s promise to deliver the product through a carrier does not deprive North Carolina courts of jurisdiction when the parties to the contract contemplated shipment to North Carolina.

[2]  Furthermore, N.C. Gen. Stat. Sec. 55-145(a)(1) (1982) provides jurisdiction over a foreign corporation whether or not it is transacting or has transacted business in this State if the cause of action arises out of any contract made in this State. Since Collector Cars called from North Carolina to offer to purchase the product, and the written contract was executed in North Carolina, the statutory jurisdiction requirements are satisfied.

[3]  For the exercise of jurisdiction to comport with federal due process, the defendant not present in the forum state must have

"certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L.Ed. 2d 95, 102, 66 S.Ct. 154, 158 (1945). The defendant's conduct and connection with the forum state must be such that he should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L.Ed. 2d 490, 501, 100 S.Ct. 559, 567 (1980). A single contract may be sufficient to satisfy the minimal contacts requirement. *Bynum v. Register's Truck & Equipment Co., Inc.*, 32 N.C. App. 135, 231 S.E. 2d 39 (1977).

We found minimum contacts in *Conway Owens* under the following circumstances: the North Carolina plaintiff purchased goods from the defendant in Colorado, as it had on one other occasion; the contract expressly stated it was made pursuant to Colorado law; the goods were shipped to North Carolina and then immediately sent to Germany without being opened; and the Colorado corporation had no other contact with North Carolina. We found in *Conway Owens*, as we do in the present case, that the demands of due process were satisfied since the suit was based on a contract with substantial connection to North Carolina.

G.C.S. purposely entered into a contract with Collector Cars promising to ship its product to North Carolina through a carrier. Collector Cars' president called G.C.S. from North Carolina to make the offer. G.C.S. mailed the contract to North Carolina, accepted payment mailed from North Carolina, and mailed a confirmation of the contract to North Carolina. These acts manifest a willingness by G.C.S. to conduct business in North Carolina. *In personam* jurisdiction is present when there is "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L.Ed. 2d 1283, 1298, 78 S.Ct. 1228 (1958). The exercise of personal jurisdiction over G.C.S. neither upsets traditional notions of fairness nor extends beyond what G.C.S. could have reasonably anticipated.

### III

For the reasons set forth above, we find no error in the trial court's determination that the contacts between G.C.S. Elec-

tronics, Inc. and the forum state were sufficient to give North Carolina courts *in personam* jurisdiction over the defendant.

Affirmed.

Judges PHILLIPS and COZORT concur.