**William R. JORDAN, M.D., Plaintiff,**

**v.**

**Loris BRIDGES, Defendant and Third Party Plaintiff,**

**v.**

**WEILL HEIRS, INC. and Sanford R. Steckler, Third Party Defendants.**

**No. 5:97–CV–101–H3.**

United States District Court, E.D. North Carolina, Western Division.

Sept. 22, 1997.

Pressly M. Millen, Womble, Carlyle, Sandridge & Rice, Raleigh, NC, for plaintiff.

Loris Bridges, Ocean Springs, MS, pro se.

Michael E. Weddington, Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, Raleigh, NC, for cross–defendant.

## ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on third party defendants' motion to dismiss for lack of personal jurisdiction. The original defendant, now also the third party plaintiff, has responded. This matter is ripe for adjudication.

### STATEMENT OF THE CASE

Plaintiff William R. Jordan ("Jordan") filed this action to recover payments for loans he made to defendant Loris Bridges ("Bridges"). Jordan loaned Bridges money in connection with a marina project in Mississippi for which Bridges was seeking investors. Bridges initially removed the case to federal court, then filed a motion to change venue to the Southern District of Mississippi. This court denied defendant's motion on April 10, 1997, noting that Bridges failed to identify any witnesses other than herself who resided in Mississippi or any evidence that would be difficult to transport to North Carolina.

Defendant Bridges then added Weill Heirs, Inc. ("Weill") and Sanford R. Steckler ("Steckler") as third party defendants, alleging that they were responsible for repaying any money Bridges owed to Jordan. Bridges asserts that Weill, a Mississippi corporation, through its attorney, Steckler, leased the investment property to Bridges with the understanding that the lease would be altered to suit investors in the marina project. Bridges posits that Jordan's principal reason for withdrawing from the venture was that Weill and Steckler failed to change the lease to meet Jordan's specifications. Defendant Bridges further contends that Weill and Steckler knew she was using the money Jordan loaned her to make lease payments, and that Weill's and Steckler's failure to change the lease caused the entire venture to fail.

Weill and Steckler filed a motion to dismiss the third party complaint for lack of personal jurisdiction and asserted that they had no dealings with Bridges in North Carolina, they conducted no business in North Carolina, and that they had not dealt with Jordan in North Carolina or Mississippi. Bridges argues that since Weill and Steckler knew Jordan was an investor from North Carolina and that Bridges was using advances from Jordan to make lease payments, they should have expected to be sued in North Carolina if they failed to change the lease.

## COURT'S DISCUSSION

■ Bridges bears the burden of establishing that personal jurisdiction exists over Weill, a Mississippi corporation, and Steckler, a Mississippi resident. *See Young v. FDIC*, 103 F.3d 1180, 1191 (4th Cir.1997). First, Bridges must prove that the third party defendants' conduct meets the requirements of North Carolina's long-arm statute. *Id.* Second, she must prove that Weill and Steckler have sufficient contacts with North Carolina to meet the constitutional standards of due process. *Id.*

■ North Carolina's long-arm statute extends to the constitutional limits imposed by the due process clause. *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 231 S.E.2d 629, 630 (1977). Therefore, the state law analysis collapses into the constitutional due process analysis. *Young*, 103 F.3d at 1191. Under that analysis, Bridges must demonstrate that Weill and Steckler have sufficient "minimum contacts" with North Carolina such that maintenance of the suit " 'does not offend traditional notions of fair play and substantial justice.' " *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (internal quotation marks omitted)); *see also Young*, 103 F.3d at 1191 (quoting *World–Wide Volkswagen* for same proposition).

The Supreme Court has deemed it "essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

■ Whether the types of activity undertaken by a defendant are adequate to satisfy the requirements of due process depends on the facts of a particular case. *See Dillon*, 231 S.E.2d at 632. However, this court has identified criteria that are helpful in determining if personal jurisdiction is proper.

First, if the company's activity is regular, systematic, or continuous, minimum contacts exist. Second, if a contract is to be actually performed in North Carolina and has a substantial connection with this State, jurisdiction will lie. Third, where defendant obviously uses, benefits, or can easily use the laws of North Carolina, jurisdiction will lie. Fourth, if there is only 1 contact with North Carolina and such contact does not involve a contract to be performed here, there is no jurisdiction. And finally, if defendant has never had any interest in North Carolina or contacts here, . . . to grant jurisdiction for that reason would be unconstitutional.

*Staley v. Homeland, Inc.*, 368 F.Supp. 1344, 1350 (E.D.N.C.1974).

■ Defendants Weill and Steckler submitted affidavits stating that they had never conducted business in North Carolina and that all transactions and occurrences pertaining to their dealings with Bridges took place in Mississippi. (Steckler Aff. ¶¶ 5, 6, 8; Weill Aff. ¶¶ 5, 8.) Bridges does not deny third party defendants' assertions. Thus, Weill and Steckler clearly have no systematic or continuous contacts with North Carolina, nor do they benefit from the laws of this state. Furthermore, the contract Bridges alleges Weill and Steckler breached was entered into and was to be performed in Mississippi, not North Carolina.

The Supreme Court has held that courts "must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." *Asahi Metal Indus. v. Superior Ct. of Cal.*, 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92

(1987). The balance of interests in this case weighs against a finding of personal jurisdiction. Weill and Steckler would be forced to travel to North Carolina to defend against Bridges' claim that they breached a lease contract pertaining to Mississippi land. In addition, North Carolina has little interest in adjudicating a contract dispute between residents of Mississippi. The court recognizes that the third party plaintiff does have an interest in resolving all litigation over these transactions in one forum. However, Bridges presumably knew of her claim against Weill and Steckler at the time she filed for a change in venue, yet she failed to mention her intention to file third party claims against Mississippi residents at that time. Bridges is not left without a remedy as she still may seek to have her claims against Weill and Steckler adjudicated in a Mississippi court.

Essentially, Bridges contends that because Weill and Steckler knew Jordan was advancing funds to Bridges, the third party defendants should have anticipated being subject to suit in North Carolina. However, "foreseeability" alone is not "a sufficient benchmark for personal jurisdiction under the Due Process Clause." *World–Wide Volkswagen Corp.*, 444 U.S. at 295, 100 S.Ct. at 566 (1997) (internal quotations omitted). Instead, the defendants' conduct and connection with the forum must be such that they reasonably would anticipate being haled into court there. *Id.* at 297, 100 S.Ct. at 567; *Young*, 103 F.3d at 1191. Even if Weill and Steckler knew that Bridges was pursuing Jordan as a potential investor, nothing indicates that Weill and Steckler contemplated or should have contemplated defending an action in North Carolina when they leased Mississippi real property to a Mississippi resident.

For the above stated reasons, the court finds that Weill and Steckler do not have the minimum contacts with North Carolina that are constitutionally required before they may be subjected to suit here. Accordingly, the court GRANTS third party defendants' motion to dismiss for lack of personal jurisdiction.

## CONCLUSION

For the above stated reasons, the court hereby GRANTS third party defendants' motion to dismiss third party plaintiff's claims for lack of personal jurisdiction.