HANES CONSTR. CO. v. HOTMIX & BITUMINOUS EQUIP. CO.

[146 N.C. App. 24 (2001)]

HANES CONSTRUCTION COMPANY, A NORTH CAROLINA CORPORATION, PLAINTIFF V.
HOTMIX & BITUMINOUS EQUIP. CO., INC., DEFENDANT

No. COA00-736

(Filed 4 September 2001)

**Jurisdiction— personal—foreign corporation—long-arm statute—minimum contacts**

> The trial court erred in a breach of contract action by allowing defendant foreign corporation's motion to dismiss based on lack of personal jurisdiction where defendant had its principal place of business in Indiana and sold products in part through advertisements in a national magazine which had circulation in North Carolina, because: (1) defendant's promise to deliver goods to a third-party carrier is sufficient to establish personal jurisdiction over a foreign corporation under the long-arm statute of N.C.G.S. § 1-75.4(5)(c); and (2) defendant had sufficient minimum contacts to permit this state to exercise personal jurisdiction over it consistent with the due process clause when the parties negotiated a contract providing that plaintiff would bear the cost of shipment and risk of loss once defendant delivered the equipment to a third-party carrier, and the parties negotiated another agreement to sell a used asphalt plant in Lexington, North Carolina.

> Judge CAMPBELL dissenting.

Appeal by plaintiff from judgment entered 4 April 2000 by Judge L. Todd Burke in Davidson County Superior Court. Heard in the Court of Appeals 16 May 2001.

> *Law offices of J. Calvin Cunningham, by R. Flint Crump, for plaintiff-appellant.*

> *Brinkley Walser, P.L.L.C., by Stephen W. Coles, for defendant-appellee.*

WYNN, Judge.

In this appeal, we agree with Hanes Construction Company (a North Carolina corporation) that under the facts of this matter, the contacts between Hotmix & Bituminous Equipment Company (an Indiana corporation) and the State of North Carolina were sufficient to give North Carolina courts *in personam* jurisdiction over it. *See*

*Collector Cars of Nags Head, Inc. v. G.C.S. Electronics*, 82 N.C. App. 579, 347 S.E.2d 74 (1986). Accordingly, we reverse the trial court's order finding no personal jurisdiction.

Hanes, a North Carolina corporation having its principal office and place of business in Lexington, North Carolina, filed this action in Davidson County, North Carolina, against Hotmix, an Indiana corporation with its principal place of business in Noblesville, Indiana. In its complaint, Hanes alleged that Hotmix breached an agreement between the parties by delaying the loading of equipment and failing to load all equipment on trucks sent to Indiana by Hanes.

Hanes is involved in the asphalt business and Hotmix sells among other things, equipment used to produce asphalt. Hotmix has advertised for the sale of construction equipment in a magazine, "The Asphalt Contractor." This magazine is published thirteen times a year and is mailed free of charge to all asphalt plant owners, contractors, and paving maintenance companies throughout the United States and Canada.

The president of Hanes, Mr. Simerson, consulted the magazine, "The Asphalt Contractor" and called the number listed on the advertisement. In response, the president of Hotmix, Mr. Haskin, quoted a price over the telephone for the equipment Mr. Simerson was interested in purchasing; and, Mr. Simerson went to Indiana to look at the equipment. In September 1998, Hanes entered into a contract for $120,000 with Hotmix to purchase numerous items of equipment used in the asphalt paving business. The agreement was signed by Hanes at its place of business in North Carolina and forwarded to Hotmix. The contract stated that Hanes was responsible for providing the necessary trucks required for shipping. When the third-party shipper arrived, he was advised by Hotmix that the trucks were not appropriate for shipping the contracted items. Therefore, Hotmix delayed and also refused to load certain items, including a hot oil heater, a special conveyer, and a compressor valued in excess of $50,000.

On 21 September 1998, Hanes and Hotmix signed a marketing agreement to sell a used asphalt plant in Lexington, North Carolina. Mr. Simerson, on behalf of Hanes, signed a contract in North Carolina for Hotmix to sell a used Little Ford Model 122-60 Asphalt Plant, located in Lexington, North Carolina.

On 8 January 1999, Hanes filed a complaint in Davidson County, North Carolina alleging breach of contract. Hotmix filed a motion to

HANES CONSTR. CO. v. HOTMIX & BITUMINOUS EQUIP. CO.

[146 N.C. App. 24 (2001)]

dismiss under Rule 12 (b)(2) of the North Carolina Rules of Civil Procedure for lack of jurisdiction over the defendant. The trial court granted Hotmix's motion and Hanes appealed to this Court.

The sole issue presented by this appeal is whether the trial court properly granted Hotmix's motion to dismiss for lack of personal jurisdiction. The granting of a motion to dismiss for lack of jurisdiction is immediately appealable. *See* N.C. Gen. Stat. § 1-277(b) (1999); *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 293 S.E.2d 182 (1982). "The standard of review of an order determining personal jurisdiction is whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court." *Replacements, Ltd. v. MidweSterling*, 133 N.C. App. 139, 140-41, 515 S.E.2d 46, 48 (1999).

Our Courts have adopted a two-part test to determine whether a court may exercise *in personam* jurisdiction over a nonresident defendant. *See Mony Credit Corp. v. Ultra-Funding Corp.*, 100 N.C. App. 646, 648, 397 S.E.2d 757, 758 (1990). "First, the court must determine whether the North Carolina 'long-arm' statute, N.C. Gen. Stat. § 1-75.1 et seq., confers jurisdiction over defendant. Second, the court must determine whether the exercise of personal jurisdiction violates defendant's right to due process." *Id.* "The question for the [appellate] court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory, whether properly labeled or not." *Miller v. Nationwide Mut. Ins. Co.*, 112 N.C. App. 295, 300, 435 S.E.2d 537, 541 (1993), *disc. review denied*, 335 N.C. 770, 442 S.E.2d 519 (1994).

Hanes contends that the trial court erred in granting defendant's motion to dismiss for lack of jurisdiction over the person of the defendant where the defendant met both the statutory and constitutional requirements for personal jurisdiction. We agree.

The long-arm statute "is liberally construed to find personal jurisdiction over nonresident defendants to the full extent allowed by due process." *DeArmon v. B. Mears Corp.*, 67 N.C. App. 640, 643, 314 S.E.2d 124, 126 (1984), *rev'd on other grounds*, 312 N.C. 749, 325 S.E.2d 223 (1985). The statute, provides a basis for personal jurisdiction when an action:

Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to

deliver or receive within this State, or to ship from this State goods, documents of title, or other things of value; or . . . .

*See* N.C. Gen. Stat. § 1-75.4(5)(c) (1999). A promise to deliver goods to a third-party carrier rather than to the contracting party is sufficient to confer statutory jurisdiction under N.C. Gen. Stat. § 1-75.4(5)(c) when the parties to the contract contemplated shipment in North Carolina. *See Collector Cars of Nags Head, Inc. v. G.C.S. Electronics,* 82 N.C. App. 579, 581, 347 S.E.2d 74, 76 (1986).

In the subject case, Hanes entered into a contract with Hotmix to purchase numerous items of equipment used in the asphalt paving business. The agreement was signed by Hanes in North Carolina and forwarded to Hotmix. The breach of contract claim involves asphalt paving equipment, which was promised to be delivered to a third-party carrier in Indiana by Hotmix. Thus, we must agree with Hanes' contention that the promise in the subject case to deliver goods to a carrier is sufficient to establish personal jurisdiction over a foreign corporation under the long-arm statute.

Since we have determined that personal jurisdiction is authorized by the long-arm statute, we must now address whether the exercise of personal jurisdiction over Hotmix comports with due process requirements under the United States Constitution. *See Fraser v. Littlejohn,* 96 N.C. App. 377, 386 S.E.2d 230 (1989). The constitutional standard to be applied in determining whether a state may assert personal jurisdiction over a nonresident defendant is found in the landmark case of *International Shoe Co. v. Washington,* 326 U.S. 310, 90 L. Ed. 95 (1945).

To exercise personal jurisdiction over a foreign corporation, the out-of-state defendant must have "certain minimum contacts with it, such that the maintenance of the suit does not offend traditional notions of fair play and justice." *Id.*, 326 U.S. at 316, 90 L. Ed. 2d at 102. The application of the minimum contact rule varies with the nature and quality of defendant's activities, but it is essential in each case that the defendant purposefully avails itself of the privilege of conducting activities within the forum state thus invoking the benefits and protection of its laws. *See Hanson v. Denckla,* 357 U.S. 235, 2 L. Ed. 2d 1283 (1958). This relationship between the defendant and the forum must be "such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 62 L. Ed. 2d 490, 501 (1980).

"It is well settled that a defendant need not physically enter North Carolina in order for personal jurisdiction to arise." *Better Bus. Forms, Inc. v. Davis*, 120 N.C. App. 498, 501, 462 S.E.2d 832, 834 (1995). "Although a contractual relationship between a North Carolina resident and an out-of-state party alone does not automatically establish the necessary minimum contacts with this State, nevertheless, a single contract may be a sufficient basis for the exercise of in personam jurisdiction if it has a substantial connection with this State." *Tom Togs, Inc. v. Ben Elias Indust. Corp.*, 318 N.C. 361, 367, 348 S.E.2d 782, 786 (1986). "Under North Carolina law, a contract is made in the place where the last act necessary to make it binding occurred." *Id.* at 365, 348 S.E.2d at 785. Where the action arises out of defendant's contacts with the forum state, the issue is one of "specific" jurisdiction. To establish specific jurisdiction, the court analyzes the relation among the defendant, cause of action, and forum state. *CFA Medical, Inc. v. Burkhalter*, 95 N.C. App. 391, 394, 383 S.E.2d 214, 216 (1989). "In determining whether a single contract may serve as a sufficient basis for the exercise of in personam jurisdiction, it is essential that there be some act by which defendant purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws." *Id.*

Factors used to determine the existence of minimum contacts include: "(1) the quantity of the contacts; (2) the quality and nature of the contacts; (3) the source and connection of the cause of action to the contacts; (4) the interests of the forum state; and (5) the convenience to the parties." *Fran's Pecans, Inc. v. Greene*, 134 N.C. App. 110, 114, 516 S.E.2d 647, 650 (1999). In *Collector Cars of Nags Head, Inc. v. G.C.S. Electronics*, our Court applied the five factors to determine whether the minimum contacts standard had been met. In *Collector Cars*, the North Carolina plaintiff saw an advertisement for portable telephones in an national magazine that had a circulation in North Carolina. *See also Shaw Food Serv. Co., Inc. v. Morehouse College*, 108 N.C. App. 95, 99, 422 S.E.2d 454, 457 (1992) (holding that "[s]olicitation of business by the foreign defendant in the forum state is a factor to consider when determining whether a particular defendant has established the minimum contact with the forum state to satisfy due process."). In *Collector Cars*, the plaintiff signed the sales contract in North Carolina, which had been mailed unexecuted to it by the defendant from California. *See also Liberty Fin. Co. v. North Augusta Computer Store, Inc.*, 100 N.C. App. 279, 285, 395 S.E.2d 709, 712 (1990) (holding that the contract "was made in the State of North Carolina and therefore the contract has a 'substantial connection'

with North Carolina."*)*. The contract provided that plaintiff would bear the cost of shipment and risk of loss, once the defendant delivered it to the third party carrier for shipment to North Carolina. The plaintiff executed the contract in North Carolina and mailed it with a check to the defendant in California. The defendant later mailed a confirmation of the contract to the plaintiff in North Carolina. The buyer sued when the seller cashed the check but allegedly did not deliver on time. Our Court held in *Collector Cars* that "these acts manifest a willingness by G.C.S. to conduct business in North Carolina. In personam jurisdiction is present when there is 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' " *Collector Cars*, 82 N.C. App. at 582, 347 S.E.2d at 76 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298 (1958)).

Similarly, in the case at bar, Hotmix had its principal place of business in a state other than North Carolina, and sold products in part through advertisements in a national magazine which had circulation in North Carolina; Hanes' president saw the advertisement, called Hotmix from North Carolina and negotiated a price. Shortly thereafter, Hotmix sent an unsigned contract to Hanes. The president of Hanes signed the contract in North Carolina. The contract provided that Hanes would bear the cost of shipment and risk of loss once Hotmix delivered the equipment to a third-party carrier. Moreover, we point out that Hotmix had even more contact with the state of North Carolina than the defendant did in *Collector Cars*. In the case at bar, the parties made another agreement to sell a used asphalt plant in Lexington, North Carolina. The president of Hanes signed a contract in North Carolina to sell a used Little Ford Model 122-60 Asphalt Plant, which was located in Lexington, North Carolina. This agreement was a marketing agreement that contemplated Hotmix's representatives demonstrating the equipment at Hanes' plant in Lexington. Hotmix did not sell the Ford Asphalt Plant nor did any of its agents or employees come to North Carolina. The facts in *Collector Cars* are analogous to the present case; therefore, we must hold that Hotmix purposely availed itself of the benefits of the laws of this state in enjoying the privilege of transacting business in this state.

Thus, as in *Collector Cars*, we conclude that Hotmix had sufficient minimum contacts to permit this state to exercise personal jurisdiction over it consistent with the due process clause.

Accordingly, the decision of the trial court allowing defendant Hotmix's motion to dismiss must be reversed.

Reversed and remanded.

Judge BIGGS concurs.

Judge CAMPBELL dissents in a separate opinion.

CAMPBELL, Judge, dissenting.

I respectfully dissent from the holding of the majority that personal jurisdiction over Hotmix is authorized under the North Carolina long-arm statute, N.C. Gen. Stat. § 1-75.4, and that it does not violate federal due process.

The majority first concludes that personal jurisdiction is proper under the long-arm statute. The long-arm statute provides for personal jurisdiction when an action:

> c. Arises out of a promise, made anywhere to the plaintiff or to some third party for plaintiff's benefit, by the defendant to deliver or receive within this State, or to ship from this State goods, documents of title, or other things of value; or
>
> . . . .
>
> e. Relates to goods, documents of title, or other things of value actually received by the plaintiff in this State from the defendant through a carrier without regard to where delivery to the carrier occurred.

N.C. Gen. Stat. § 1-75.4(5) (1999). This Court has held that when the parties to a contract contemplate shipment to North Carolina, a promise by an out-of-state party to deliver goods to North Carolina through a carrier is sufficient to permit statutory personal jurisdiction under N.C.G.S. § 1-75.4(5)(e). *Collector Cars of Nags Head, Inc. v. G.C.S. Electronics*, 82 N.C. App. 579, 347 S.E.2d 74 (1986). Based on *Collector Cars*, the majority holds that Hotmix's "promise . . . to deliver goods to a carrier is sufficient to establish personal jurisdiction over a foreign corporation under the long arm statute."

The record in the instant case indicates that the contract entered into by the parties contemplated delivery in Indiana "on buyer timely supplied trucks." A subsequent paragraph adds that the agreement is

HANES CONSTR. CO. v. HOTMIX & BITUMINOUS EQUIP. CO.

[146 N.C. App. 24 (2001)]

"PRODUCT PRICE F.O.B. POINT OF ORIGIN . . . ."[1] (emphasis in original) and reiterates that "[t]rucks are buyers responsibility." Not only did the contract contemplate delivery in Indiana on trucks supplied by Hanes, all the evidence is that delivery did in fact occur this way, rather than through a "carrier." In its complaint, Hanes acknowledges that it "made arrangements to pick up all of the equipment, and made plans to take all items purchased to Lexington, North Carolina," and that the equipment was to be loaded on "trucks sent to Indiana by Plaintiff." Furthermore, in his affidavit, Bob Haskin, the president of Hotmix, says that "Mr. Simerson [Hanes' president] and his agents proceeded to load the trucks with the equipment." Simerson's affidavit does not deny this description of the events. Thus the present case is not, as the majority concludes, one of delivery to North Carolina through a common carrier, as in *Collector Cars*. Rather it is one of delivery in Indiana to Hanes or Hanes' agents. The location and recipient of delivery are critical distinctions. On the facts of the instant case, I do not believe statutory personal jurisdiction can be supported under N.C.G.S. § 1-75.4(5)(e) or *Collector Cars*.

Regardless of whether personal jurisdiction is permissible under the long-arm statute,[2] jurisdiction in this case would be barred under federal due process. To satisfy the requirements of the due process clause, an out-of-state defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 283 (1940)). Our Supreme Court has held that "a contractual relationship between a North Carolina resident and an out-of-state party alone does not *automatically* establish the necessary

---

1. Sale F.O.B. point of origin is further indication of Hotmix's attempt to contractually provide for "delivery" of the goods in Indiana. *See* N.C. Gen. Stat. § 25-2-319, N.C. Comment (1999).

2. Some cases have held that North Carolina's long-arm statute is properly construed as extending to the farthest reaches permissible under the due process clause. *Dillon v. Funding Corp.*, 291 N.C. 674, 676, 231 S.E.2d 629, 631 (1977); *Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 616-17, 532 S.E.2d 215, 218, *appeal dismissed and disc. review denied*, 353 N.C. 261, 546 S.E.2d 90 (2000); *Jordan v. Bridges*, 978 F. Supp. 659 (E.D.N.C. 1997). Under this interpretation, the two-part inquiry collapses into the single question of whether jurisdiction is proper under the due process clause. *Bruggeman*, 138 N.C. App. at 617, 532 S.E.2d at 218. On the other hand, some cases, including the majority opinion here, continue to hold that the analysis is two-part: first a statutory inquiry and then a constitutional inquiry. *See, e.g., Johnston County v. R.N. Rouse & Co.*, 331 N.C. 88, 95, 414 S.E.2d 30, 35 (1992); *Saxon v. Smith*, 125 N.C. App. 163, 168, 479 S.E.2d 788, 791 (1997).

HANES CONSTR. CO. v. HOTMIX & BITUMINOUS EQUIP. CO.

[146 N.C. App. 24 (2001)]

minimum contacts with this State, nevertheless, a single contract may be a sufficient basis for *in personam* jurisdiction if it has a substantial connection with this State." *Tom Togs, Inc. v. Ben Elias Industries Corp.*, 318 N.C. 361, 367, 348 S.E.2d 782, 786 (1986) (emphasis in original).

To determine whether Hotmix has sufficient contacts with North Carolina, the majority compares the quantity and quality of the contacts in the instant case with those in *Collector Cars,* and, finding them analogous, holds that personal jurisdiction over Hotmix is consistent with the due process clause. I disagree. *Collector Cars* is distinguishable from the instant case. It is true that in both cases an out-of-state defendant sought business through advertisements in a national magazine with circulation in North Carolina, received an order from a North Carolina company, and mailed to North Carolina an unsigned contract which was then signed within North Carolina. However, in *Collector Cars* payment was mailed from North Carolina to California and the defendant promised to ship the goods from California through a carrier. In the instant case, Hanes hand delivered the final payment to Hotmix in Indiana. More importantly, the contract called for delivery to trucks supplied by Hanes in Indiana, and when the delivery took place, Hanes' employees were present to take possession of the goods and load them on trucks supplied by Hanes. Hotmix's contacts with North Carolina are significantly less substantial than those of the defendant in *Collector Cars,* and, therefore, *Collector Cars* cannot be considered controlling.

The majority also notes that the parties had a previous contract and suggests that this previous contract is an additional contact for establishing *in personam* jurisdiction. The instant case is one of "specific jurisdiction" in that the suit arises from Hotmix's contacts with North Carolina. *See Fraser v. Littlejohn,* 96 N.C. App. 377, 383, 386 S.E.2d 230, 234 (1989). Past contractual activities can be considered to establish the minimum contacts necessary for jurisdiction, even in cases of specific jurisdiction. *See ETR Corporation v. Wilson Welding Service,* 96 N.C. App. 666, 386 S.E.2d 766 (1990). However, the "prior agreement" of the parties in this case is actually a marketing agreement executed the same day as the contract at issue. There is no evidence of prior business activity in North Carolina by Hotmix. Hotmix never entered North Carolina to negotiate or perform the marketing agreement. Indeed, there is no evidence to suggest that there was any performance at all under the marketing agreement. Thus this "prior agreement" of the parties does not lend support to

the argument that Hotmix has sufficient minimum contacts with North Carolina to be subject to its jurisdiction.

In *Stallings v. Hahn*, 99 N.C. App. 213, 392 S.E.2d 632 (1990), this Court held that personal jurisdiction could not be exercised under the due process clause where (1) defendant placed an advertisement in a national magazine which circulated in North Carolina, (2) defendant returned a telephone call of the plaintiff to North Carolina, (3) plaintiff mailed a $200.00 cashier's check to defendant in Pennsylvania, and (4) delivery of the goods was expected to take place in Pennsylvania. The facts of the present case are so similar to *Stallings* that I find it to be controlling. For that reason, I conclude that personal jurisdiction is not permissible under the due process clause.

Finally, I would point out that I believe the majority is correct that "[t]he standard of review of an order determining jurisdiction is whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court." *Replacements LTD v. Midwesterling*, 133 N.C. App. 139, 141, 515 S.E.2d 46, 48 (1999). Using this standard of review, I would affirm the trial court's order of dismissal.