## CHARTER MED., LTD. v. ZIGMED, INC.

[173 N.C. App. 213 (2005)]

CHARTER MEDICAL, LTD., Plaintiff v. ZIGMED, INC., Defendant

No. COA04-1337

(Filed 6 September 2005)

**Jurisdiction— personal—minimum contacts**

Defendant New Jersey corporation did not have sufficient minimum contacts with North Carolina to permit a court in this state to exercise personal jurisdiction over defendant in plaintiff Delaware corporation's action arising from plaintiff's purchase of a blood bag manufacturing machine developed and manufactured by defendant in New Jersey and shipped to plaintiff's new office in North Carolina because: (1) the contract was formed in New Jersey between two out-of-state corporations and only after invitation from plaintiff did defendant acquiesce to shipping a machine to North Carolina instead of to New Jersey as designated in the contract; (2) there was no attempt by defendant to benefit from the laws of North Carolina by entering the market here; and (3) although part of plaintiff's alleged damages arise from the incomplete installation by defendant, an action that occurred in North Carolina, plaintiff is claiming that the machine was defective when shipped and not upon installation, and thus, the substantial portion of the cause of action covers actions performed completely in New Jersey.

Appeal by plaintiff from order entered 10 August 2004 by Judge L. Todd Burke in Forsyth County Superior Court. Heard in the Court of Appeals 18 May 2005.

*Norman L. Sloan for plaintiff-appellant.*

*Randolph M. James for defendant-appellee.*

ELMORE, Judge.

This appeal arises from the trial court's order dismissing plaintiff's complaint for failure to appropriately allege that North Carolina had personal jurisdiction over defendant. Plaintiff, a Delaware corporation with offices in New Jersey and North Carolina, entered into a purchase order agreement for a blood bag manufacturing machine with defendant, a New Jersey corporation with offices solely in that state. When the machine was delivered to its North Carolina location, plaintiff alleges it was not operational and is seeking damages that

include, among other things, costs associated with getting the machine in working order.

Defendant filed a motion to dismiss plaintiff's complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(2), lack of personal jurisdiction. The trial court heard defendant's motion, and at the request of plaintiff, issued its decision in a written order containing findings of fact and conclusions of law. The trial court determined that defendant did not have sufficient minimum contacts with North Carolina such that subjecting defendant to suit in this state would offend defendant's due process rights. Plaintiff appealed.

There is no dispute that plaintiff is a Delaware corporation with a new office in North Carolina and defendant is a New Jersey corporation. Although not disputed, it is not entirely clear which party initiated the contact; but, pursuant to previous negotiations, defendant sent a proposal to plaintiff's Winston-Salem, North Carolina office quoting pricing, design, manufacturing, and shipment of a blood bag manufacturing machine. The price included in the proposal was in part based on installing the machine in plaintiff's New Jersey facility. Plaintiff, in response, prepared a purchase order that modified the agreement but incorporated the essential elements of defendant's proposal including the delivery and installation point in New Jersey. Plaintiff's purchase order contains a clause that stated: "[t]his Purchase Order, when accepted, shall be a contract made in the state shown in Charter's address on the face of this Purchase Order and governed by the laws of that State." Defendant accepted the purchase order and began manufacturing the machine. The trial court found that, pursuant to the purchase order, plaintiff "paid partially for the . . . machine by sending checks drawn on a Fleet Bank Hartford Connecticut account showing both a Winston-Salem, North Carolina address for plaintiff and a Hartford Connecticut address for plaintiff." At some point, plaintiff asked defendant to ship the machine to its North Carolina facility instead of its New Jersey facility. Defendant, without additional compensation in the contract and without plaintiff's written modification of the purchase order, agreed to the new shipping and installation address in North Carolina. Then, after delivery of the machine, defendant sent four of its technicians to North Carolina for eight days to install the machine.

The trial court concluded that:

Defendant sending four (4) technicians to North Carolina for eight (8) days to install the . . . machine does not constitute suffi-

cient minimum contacts to subject defendant to suit in North Carolina when the substantial portion of the work was performed in New Jersey and the parties agreed the machine was to be delivered in New Jersey with defendant gratuitously agreeing to change the delivery location from New Jersey to North Carolina at plaintiff's expense.

Based on the evidence in the record supporting the trial court's findings of fact, we agree.

When determining issues of personal jurisdiction, the trial court is to engage in a two-step inquiry: first, determine whether "a basis for jurisdiction exist[s] under the North Carolina 'long-arm' statute, N.C. Gen. Stat. Sec. 1-75.4 (1983); and [second,] if so, will the exercise of this jurisdiction over the defendant comport with constitutional standards of due process[.]" *Cameron-Brown Co. v. Daves*, 83 N.C. App. 281, 283, 350 S.E.2d 111, 113 (1986). On appeal from a trial court's order determining personal jurisdiction, our review is limited to "whether the findings are supported by competent evidence in the record; if so, this Court must affirm the order [of the trial court]." *Better Business Forms, Inc. v. Davis*, 120 N.C. App. 498, 500, 462 S.E.2d 832, 833 (1995). Notably, despite requesting findings of fact, plaintiff has not excepted to any of the trial court's findings. And while we could end our inquiry here, *see, e.g. Saxon v. Smith*, 125 N.C. App. 163, 169, 479 S.E.2d 788, 792 (1997) (absent exception to findings in order regarding personal jurisdiction, the findings are deemed correct), we will nonetheless review the trial court's decision in order to determine whether there was an error of law.

Here, the trial court determined that jurisdiction under the long-arm statute was satisfied due to the fact that defendant shipped its product to North Carolina via common carrier. *See* N.C. Gen. Stat. § 1-75.4(5)(e) (2003) ("A court of this State . . . has jurisdiction over a person served . . . [i]n any action which: [r]elates to goods, documents of title, or other things of value actually received by the plaintiff in this State from the defendant through a carrier without regard to where delivery to the carrier occurred."). A large portion of plaintiff's brief is dedicated to arguing the applicability of our long-arm statute; however, defendant concedes in his brief that because the statute is to be read broadly, and there is apparent applicability, that "the inquiry turns to whether the defendant has the minimum contact with North Carolina necessary to meet the requirements of due process." Because defendant concedes the long-arm statute is applicable, we

will not address it, but instead consider only the second step of personal jurisdiction analysis—due process.

"[D]ue process prohibits our state courts from exercising [personal] jurisdiction unless the defendant has had certain 'minimum contacts' with the forum state such that 'traditional notions of fair play and substantial justice' are not offended by maintenance of the suit." *Cameron-Brown*, 83 N.C. App. at 284, 350 S.E.2d at 114 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L. Ed. 95 (1945)).

> Where the action arises out of defendant's contacts with the forum state, the issue is one of 'specific' jurisdiction. . . . To establish specific jurisdiction, the court analyzes the relation among the defendant, cause of action, and forum state. . . . Although a contractual relationship between a North Carolina resident and an out-of-state party does not automatically establish the necessary minimum contacts with this state, a single contract may be sufficient basis for the exercise of *in personam* jurisdiction if it has a substantial connection with this state. . . . . In determining whether a single contract may serve as a sufficient basis for the exercise of *in personam* jurisdiction, 'it is essential that there be some act by which defendant purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws.' . . . For only then will the non-resident have acted in such a way such that 'he can reasonably anticipate being haled into court there.' . . . Otherwise, exercise of *in personam* jurisdiction over a nonresident would violate standards of 'fair-play and substantial justice.'

*CFA Medical, Inc. v. Burkhalter*, 95 N.C. App. 391, 394-95, 383 S.E.2d 214, 216 (1989) (internal quotations and citations omitted). Although a determination of minimum contacts may vary with each case, there are several factors a trial court typically evaluates:

> (1) quantity of the contacts between the defendant and the forum state, (2) quality and nature of the contacts, (3) the source and connection of the cause of action to the contacts, (4) the interest in the forum state, and (5) convenience of the parties.

*Cameron-Brown*, 83 N.C. App. at 284, 350 S.E.2d at 114.

Here, the trial court found that defendant had no previous contacts with North Carolina save for this contract. Plaintiff, citing to

*Collector Cars of Nags Head, Inc. v. G.C.S. Electronics,* 82 N.C. App. 579, 347 S.E.2d 74 (1986), argues that one contract is enough for minimum contacts. It is true that a single contract with a "substantial connection" to North Carolina can satisfy due process, *Id.* at 582, 347 S.E.2d at 76; however, "the mere act of entering a contract with a forum resident does not provide the necessary contacts when all elements of the defendant's performance are to occur outside the forum." *Cameron-Brown,* 83 N.C. App. at 286, 350 S.E.2d at 115 (citation omitted). Our decision in *Collector Cars* relied on *W. Conway Owings & Assoc. v. Karman, Inc.,* 75 N.C. App. 559, 331 S.E.2d 279 (1985). In *Collecter Cars* we stated:

> We found minimum contacts in *Conway Owings* under the following circumstances: the North Carolina plaintiff purchased goods from the defendant in Colorado, as it had on one other occasion; the contract expressly stated it was made pursuant to Colorado law; the goods were shipped to North Carolina and then immediately sent to Germany without being opened; and the Colorado corporation had no other contact with North Carolina. We found in *Conway Owings,* as we do in the present case, that the demands of due process were satisfied since the suit was based on a contract with substantial connection to North Carolina.
>
> G.C.S. purposely entered into a contract with Collector Cars promising to ship its product to North Carolina through a carrier. Collector Cars' president called G.C.S. from North Carolina to make the offer. G.C.S. mailed the contract to North Carolina, accepted payment mailed from North Carolina, and mailed a confirmation of the contract to North Carolina. These acts manifest a willingness by G.C.S. to conduct business in North Carolina.

*Collector Cars,* 82 N.C. App. at 582, 347 S.E.2d at 76.

In both *Collector Cars* and *Conway Owings,* the defendants did more to avail themselves of North Carolina than did defendant here: mainly, they solicited business from North Carolina. And "in cases of contract disputes, 'the touchstone in ascertaining the strength of the connection between the cause of action and the defendant's contacts is whether the cause of action arises out of attempts by the defendant to benefit from the laws of the forum state by entering the market in the forum state.' " *Cameron-Brown,* 83 N.C. App. at 287, 350 S.E.2d at 115 (quoting *Phoenix America Corp. v. Brissy,* 46 N.C. App. 527, 532,

265 S.E.2d 476, 480 (1980)). This contract was formed in New Jersey between two out-of-state corporations. Only after invitation from plaintiff did defendant acquiesce to shipping a machine to North Carolina. From the record before us, there is no attempt by defendant to benefit from the laws of North Carolina by entering the market here. Although part of plaintiff's alleged damages arise from the incomplete installation by defendant—an action that occurred in North Carolina—plaintiff is claiming that the machine was defective when shipped, not upon installation. Thus, the substantial portion of the cause of action covers actions performed completely in New Jersey.

Here, plaintiff availed itself of the willingness of defendant to alter the shipping and installation point in a contract. Defendant, a New Jersey company, did not purposely initiate any contact with North Carolina, but instead formed a contract in New Jersey, for a product developed and manufactured in New Jersey, and designated to be shipped within New Jersey. We affirm the trial court's order dismissing plaintiff's complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(2).

Affirmed.

Judges McGEE and CALABRIA concur.