CENTURA BANK, PLAINTIFF v. PEE DEE EXPRESS, INC., JEAN M. WESTBERRY, LEON S. WESTBERRY, DOROTHY B. FREEMAN, AND CHARLES F. FREEMAN, DEFENDANTS

No. 947SC665

(Filed 6 June 1995)

**1. Courts § 15 (NCI4th)— nonresident defendants—contracts executed with North Carolina bank—sufficient minimum contacts with North Carolina**

North Carolina had jurisdiction over the male South Carolina defendants where they executed leases and guaranty agreements with plaintiff, a North Carolina bank; and defendants had sufficient minimum contacts with this state to allow the exercise of *in personam* jurisdiction where they did some business in North Carolina; some of their business was conducted by trucks travelling to and from North Carolina; some customers were located in this state or had facilities here; some of their own trucks travelled within North Carolina; and the trucks leased by defendants from plaintiff operated on North Carolina highways.

**Am Jur 2d, Courts § 118.**

**Construction and application, as to isolated acts or transactions, of state statutes or rules of court predicating in personam jurisdiction over nonresidents or foreign corporations upon the doing of an act, or upon doing or transacting business or "any" business, within the state. 27 ALR3d 397.**

**2. Courts § 15 (NCI4th)— nonresident defendants—wives' interest in husbands' company stock—no in personam jurisdiction over wives**

The trial court erred in denying the motion of defendant wives to dismiss for lack of personal jurisdiction since the marital interest defendant wives potentially had in their husbands' company stock was not a direct and substantial commercial interest sufficient to support the trial court's assertion of personal jurisdiction and did not demonstrate any purposeful availment of the benefits and protection of North Carolina laws.

**Am Jur 2d, Courts § 118.**

**Comment note—"Minimum contacts" requirement of Fourteenth Amendment's due process clause (Rule of**

CENTURA BANK v. PEE DEE EXPRESS, INC.

[119 N.C. App. 210 (1995)]

*International Shoe Co. v. Washington*) for state court's assertion of jurisdiction over nonresident defendant. 62 L. Ed. 2d 853.

Appeal by defendant from order entered 15 March 1994 by Judge Quentin T. Sumner in Nash County Superior Court. Heard in the Court of Appeals 23 February 1995.

*Poyner & Spruill, L.L.P., by J. Nicholas Ellis, for plaintiff-appellee.*

*Narron, Holdford, Babb, Harrison & Rhodes, P.A., by C. David Williams, Jr., for defendant-appellants Jean M. Westberry and Leon S. Westberry.*

MARTIN, MARK D., Judge.

The question presented is whether the trial court erred by finding defendants had sufficient minimum contacts with North Carolina to justify the assertion of personal jurisdiction. We affirm in part and reverse in part.

In February 1991 Pee Dee Express, Inc. (Pee Dee), contacted Earl B. Mikell, Jr. (Mikell), president of M & W Truck Sales, Inc., of Florence, South Carolina, about purchasing or leasing trucks for use in Pee Dee's business. Mikell contacted Flagstone Leasing of Greensboro, North Carolina, a financial broker, about arranging financing for the sale or lease of the trucks. Upon the request of Flagstone Leasing, Centura Bank agreed to finance the transaction and acquired nine trucks from M & W Truck Sales, Inc. Centura thereafter applied for certificates of title in its name at the North Carolina Division of Motor Vehicles.

In February of 1991 Pee Dee leased nine trucks from Centura for use in its business. The leases were all dated 25 February 1991, but were not finalized until they had been accepted by Centura through its representative, C. James Books, on 27 February 1991. Along with the leases, Leon Westberry, Jean Westberry, Charles Freeman and Dorothy Freeman executed personal guaranty agreements covering the leases between Pee Dee and Centura.

At the time the leases were executed Centura was a North Carolina banking corporation with its principal place of business in Nash County, North Carolina. Pee Dee was a South Carolina corporation with its principal place of business in Florence County, South

Carolina. Leon Westberry and Charles Freeman were the officers and only two shareholders in Pee Dee. Westberry was president.

Leon Westberry admitted in his affidavit "Pee Dee is engaged in the business of brokering trucks for business across the United States and . . . it does some business in the state of North Carolina . . . ." Furthermore, Charles Freeman admitted in his affidavit "some business of Pee Dee is conducted by trucks travelling to and from North Carolina and some customers, but not a substantial number, are located in North Carolina or have facilities which are located in North Carolina. Pee Dee also owns several trucks which it uses. These trucks are authorized to travel in interstate commerce, some of which is in the state of North Carolina." The trucks leased by Pee Dee apparently operated on the highways of North Carolina.

Defendants allegedly defaulted on the leases and Centura brought the present action on 20 December 1993 to collect a deficiency and enforce the guarantees arising out of the series of truck leases. On 28 January 1994 all defendants joined in a motion to dismiss for lack of personal jurisdiction pursuant to North Carolina Rule of Civil Procedure 12(b)(2). On 15 March 1995 the trial court denied all of the defendants' motions.

On appeal defendants contend the trial court erred by finding defendants had sufficient minimum contacts with North Carolina to justify the assertion of personal jurisdiction.

In order to establish *in personam* jurisdiction over a non-resident defendant, a two-part test must be satisfied. *Buying Group, Inc. v. Coleman*, 296 N.C. 510, 513, 251 S.E.2d 610, 613 (1979). First, we must determine whether North Carolina's "long arm" statute, N.C. Gen. Stat. § 1-75.4, allows the exercise of jurisdiction over the defendant. *Id.* Second, we must determine whether the assertion of personal jurisdiction over the nonresident defendant is consistent with constitutional due process protections. *Id.* The burden is on the plaintiff to prove the existence of jurisdiction. *DeSoto Trail, Inc. v. Covington Diesel, Inc.*, 77 N.C. App. 637, 639, 335 S.E.2d 794, 796 (1985). North Carolina courts have consistently held that the test for determining personal jurisdiction should be liberally applied, to vest our courts with the full jurisdictional powers available under federal due process. *Id.*; *Vishay Intertechnology, Inc. v. Delta Int'l Corp.*, 696 F.2d 1062, 1065 (4th Cir 1982).

**[1]**   First, it is necessary to determine whether a North Carolina statute allows the assertion of personal jurisdiction over defendants.

N.C. Gen. Stat. § 1-75.4(5)(a) confers *in personam* jurisdiction upon the courts of this state over a person served pursuant to Rule 4(j) of the Rules of Civil Procedure, in any action which "[a]rises out of a promise, made anywhere to the plaintiff . . . by the defendant . . . to pay for services to be performed in this State by the.plaintiff." N.C. Gen. Stat. § 1-75.4(5)(a) (1983). The North Carolina Supreme Court has recognized that contracts relating to promises to perform services within this state or to pay for services to be performed in North Carolina come within the "long arm" statute. *Buying Group, Inc. v. Coleman*, 296 N.C. at 513-514, 251 S.E.2d at 613.

Clearly, the leases and guaranty agreements executed by Pee Dee and the guaranty agreements signed by the individual defendants satisfy the first prong of the personal jurisdiction test.

The second prong of the personal jurisdiction test, whether the defendants have sufficient minimum contacts with North Carolina, is the central issue of this appeal.

Under the Fourteenth Amendment to the United States Constitution: " '[D]ue process requires only that in order to subject a [nonresident] defendant to a judgment in personam, . . . he have certain minimum contacts with [the forum State] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' " *Buying Group, Inc. v. Coleman*, 296 N.C. at 515, 251 S.E.2d at 614 (*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L. ED. 95 (1945)). Application of the minimum contacts standard " 'will vary with the quality and nature of defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' " *Chadbourn, Inc. v. Katz*, 285 N.C. 700, 705, 208 S.E.2d 676, 679 (1974) (*quoting, Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L. Ed. 2d 1283 (1958)). Perhaps most important, the "minimum contacts" inquiry focuses on the actions of the non-resident defendant over whom jurisdiction is asserted, and not on the unilateral actions of some other entity. *See Carroll v. Carroll*, 88 N.C. App. 453, 456, 363 S.E.2d 872, 874 (1988); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 85 L. Ed. 2d 528, 542 (1985) (question is whether "the contacts proximately result from actions by the defendant *himself*

that create a 'substantial connection' with the forum State.") (emphasis in original).

At the outset we note our Supreme Court has held "where . . . defendant is a principal shareholder of the corporation and conducts business in North Carolina as principal agent for the corporation, then his corporate acts may be attributed to him for the purpose of determining whether the courts of this State may assert personal jurisdiction over him." *Buying Group, Inc. v. Coleman*, 296 N.C. at 515, 251 S.E.2d at 614 (citations omitted).

In the present case Leon Westberry and Charles Freeman were officers and the only two shareholders in Pee Dee. Westberry was president. Therefore, the corporate acts of Leon Westberry and Charles Freeman can be imputed to them for the purpose of determining if they had sufficient minimum contacts.

Because our inquiry must focus on the actions of Westberry and Freeman, the unilateral actions of Flagstone Leasing in arranging the financing with Centura and, in addition, Centura's actions in acquiring and titling the trucks in its name with the North Carolina Division of Motor Vehicles, are not relevant to the minimum contacts inquiry. *See Carroll v. Carroll, supra.*

As officers and the only two shareholders of Pee Dee, Westberry and Freeman both signed the lease agreement on behalf of Pee Dee and as individual guarantors. Westberry admitted in his affidavit that Pee Dee did some business in North Carolina. Likewise, Freeman admitted in his affidavit that some of Pee Dee's business is conducted by trucks travelling to and from North Carolina, some customers are located in North Carolina or have facilities which are located in North Carolina, and some of Pee Dee's own trucks travel within North Carolina. Finally, the trucks leased by Pee Dee apparently operated on the highways of North Carolina. We hold these contacts satisfy Fourteenth Amendment Due Process and support the trial court's assertion of personal jurisdiction over Leon Westberry and Charles Freeman in connection with the dispute which arose out of their lease of several trucks that were operated at least partially within North Carolina.

[2] Next, we address plaintiff's assertion that the marital interest individual defendants Jean Westberry and Dorothy Freeman potentially have in their husbands' Pee Dee stock constitutes a sufficient

commercial interest to support the trial court's assertion of personal jurisdiction.

In order to support assertion of personal jurisdiction a commercial benefit must be "direct and substantial." *Johnston v. Gilley,* 50 N.C. App. 274, 278-279, 273 S.E.2d 513, 516 (1981). *See also Harrelson Rubber Co. v. Layne,* 69 N.C. App. 577, 317 S.E.2d 737 (1984); *Brickman v. Codella,* 83 N.C. App. 377, 350 S.E.2d 164 (1986); *Church v. Carter,* 94 N.C. App. 286, 380 S.E.2d 167 (1989).

In *Buying Group, Inc. v. Coleman,* 296 N.C. 510, 251 S.E.2d 610 (1979), our Supreme Court held that our courts did not have jurisdiction over a nonresident who merely co-signed a note guaranteeing payment of his brother's indebtedness to the plaintiff. In so holding, the Court noted at the time the nonresident brother signed the note he owned no shares of stock or any interest whatsoever in Coleman's or Buying Group, and therefore held "no attending commercial benefits to himself enforceable in the courts of North Carolina." *Id.* at 517, 251 S.E.2d at 615.

Contrary to plaintiff's assertion, we hold the marital interest individual defendants Jean Westberry and Dorothy Freeman potentially have in their husband's Pee Dee stock, standing alone, like the familial guarantor in *Buying Group, Inc. v. Coleman,* is not a "direct and substantial" commercial interest sufficient to support the trial court's assertion of personal jurisdiction and, in any event, does not demonstrate any "purposeful availment" of the benefits and protection of North Carolina laws.

Accordingly, we find individual defendants Jean Westberry and Dorothy Freeman lack the requisite contacts to satisfy Fourteenth Amendment Due Process, and therefore we hold the trial court erred in denying their motion to dismiss for lack of personal jurisdiction pursuant to North Carolina Rule of Civil Procedure 12(b)(2).

Affirmed in part and reversed in part.

Judges JOHNSON and JOHN concur.