BETTER BUSINESS FORMS, INC., D/B/A WESLEY BUSINESS FORMS, PLAINTIFF V. DOUG DAVIS AND JOHN F. WOODS, DEFENDANTS

No. COA94-1381

(Filed 17 October 1995)

**Courts § 15 (NCI4th)— nonresident defendants—purchase of North Carolina company—sufficient minimum contacts for exercise of in personam jurisdiction**

Sufficient minimum contacts with North Carolina existed as to both defendants so as to permit the exercise of *in personam* jurisdiction over both of them where the evidence tended to show that defendants, who were officers, directors, and shareholders of a Virginia corporation, negotiated the purchase of a North Carolina company on behalf of their corporation; these active negotiations, some of which were conducted in North Carolina, demonstrated a purposeful attempt by defendants to avail themselves of the privilege of conducting business in North Carolina; through the resulting agreement, defendants became officers, directors, and shareholders of a North Carolina company; defendant benefitted financially from the operations of the North Carolina company; and there was no reason to differentiate between the defendants simply because one took a more active role in the management of the North Carolina company by traveling periodically to meet with customers and observe the office.

**Am Jur 2d, Courts § 118.**

**In personam jurisdiction over nonresident director of forum corporation under long-arm statutes. 100 ALR3d 1108.**

BETTER BUSINESS FORMS, INC. v. DAVIS

[120 N.C. App. 498 (1995)]

**Long-arm statutes: in personam jurisdiction over non-resident based on ownership, use, possession, or sale of real property. 4 ALR4th 955.**

**Execution, outside of forum, of guaranty of obligations under contract to be performed within forum state as conferring jurisdiction over non-resident guarantors under "long-arm" statute or rule of forum. 28 ALR5th 664.**

Appeal by plaintiff and defendant John F. Woods from order entered 11 October 1994 by Judge Howard R. Greeson, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 19 September 1995.

*Petree Stockton, L.L.P., by R. Rand Tucker and B. Gordon Watkins, III, for plaintiff-appellee/cross-appellant.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Mack Sperling, for defendant-appellee/cross-appellee Doug Davis and defendant-appellant John F. Woods.*

WALKER, Judge.

Plaintiff is a Florida corporation with an office and place of business in Forsyth County, North Carolina. Plaintiff owned an operating division known as Graphics Supply Company (Graphics Supply), a Winston-Salem, North Carolina business that had sales offices in Winston-Salem and Roanoke, Virginia. In August 1992, plaintiff sold Graphics Supply to the Davis-Woods Group, Inc., a Virginia corporation owned by defendants. At the closing of the sale, each defendant executed a personal guaranty for one-half of the purchase price. Beginning on 1 April 1994, the Davis-Woods Group, Inc. failed to make payment on the note to plaintiff and eventually filed for bankruptcy.

Plaintiff instituted this action on 6 May 1994 to recover from defendants on their guaranties. Both defendants moved to dismiss plaintiff's claim, asserting lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. The trial court denied the motion as to defendant Woods and granted it as to defendant Davis.

Plaintiff assigns as error the trial court's granting of defendant Davis' motion to dismiss. Defendant Woods assigns as error the

denial of his motion to dismiss. Since both assignments require the same analysis, we will address them together.

The determination of personal jurisdiction is a two-part inquiry. The trial court first must examine whether the exercise of jurisdiction over the defendant falls within North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4, and then must determine whether the defendant has sufficient minimum contacts with North Carolina such that the exercise of jurisdiction is consistent with the due process clause of the Fourteenth Amendment to the United States Constitution. *Murphy v. Glafenheim*, 110 N.C. App. 830, 833-35, 431 S.E.2d 241, 243-44, *review denied*, 335 N.C. 176, 436 S.E.2d 382 (1993). The standard of review of an order determining personal jurisdiction is whether the findings are supported by competent evidence in the record; if so, this Court must affirm the order. *Cameron-Brown Co. v. Daves*, 83 N.C. App. 281, 285, 350 S.E.2d 111, 114 (1986).

Neither defendant in his brief appears to contest that North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4 (1983), confers jurisdiction on our courts in this case. Rather, the central claim of both defendants is that they lack sufficient minimum contacts with North Carolina to satisfy due process. Whether minimum contacts are present is determined not by using a mechanical formula or rule of thumb but by ascertaining what is fair and reasonable under the circumstances. *Phoenix America Corp. v. Brissey*, 46 N.C. App. 527, 531, 265 S.E.2d 476, 479 (1980). However, "[i]n each case, there must be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. . . ." *Tom Togs, Inc. v. Ben Elias Industries Corp.*, 318 N.C. 361, 365, 348 S.E.2d 782, 786 (1986) (*citing Hanson v. Denckla*, 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298 (1958)).

The evidence here shows that defendants, who were officers, directors, and shareholders of the Davis-Woods Group, Inc., negotiated the purchase of Graphics Supply on behalf of their corporation. These active negotiations to purchase a North Carolina business, some of which were conducted in North Carolina, demonstrate a purposeful attempt by defendants to avail themselves of the privilege of conducting business in this State.

Through the resulting agreement, defendants became officers, directors, and shareholders of Graphics Supply, a North Carolina company. After the purchase, Graphics Supply's Winston-Salem office

**BETTER BUSINESS FORMS, INC. v. DAVIS**

[120 N.C. App. 498 (1995)]

continued to do all of the administrative work necessary to service the Winston-Salem operation, including purchasing, shipping, book-keeping, accounting, and accounts receivable. The Winston-Salem office accounted for over half of Graphics Supply's sales from early 1993 until March 1994, when the office closed. Beginning in the fall of 1993, telephone calls to the Roanoke office were forwarded to the Winston-Salem office, so that the Winston-Salem office took virtually all of the orders for the company. Thus, the evidence indicates that defendants benefitted financially from the operations of the Winston-Salem office.

Defendant Davis points out that there is no evidence he "personally conducted any activities in this State either on behalf of the Davis-Woods Group or otherwise." However, we see no reason to differentiate between defendant Woods and defendant Davis simply because defendant Woods took a more active role in the management of Graphics Supply by traveling to Winston-Salem periodically to meet with customers and observe the office. It is well settled that a defendant need not physically enter North Carolina in order for personal jurisdiction to arise. *Tom Togs, Inc.*, 318 N.C. at 368, 348 S.E.2d at 787 (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 85 L. Ed. 2d 528, 543 (1985)). Rather, there may be personal jurisdiction where "the record is clear that defendant voluntarily entered into a contract with a substantial connection with this State." *Id.* at 369, 348 S.E.2d at 788. As we have stated, jurisdiction here is based on the benefits received by defendants from the underlying contract which has a substantial connection with North Carolina. When the Davis-Woods Group, Inc. defaulted on the underlying contract to purchase Graphics Supply, both defendants became equally obligated through their personal guaranties to pay the remaining debt. Having reaped the benefits of the underlying contract, defendants cannot now claim that it offends due process to require them to appear in North Carolina to defend an action based on their personal guaranties of that contract. Under these circumstances, we find sufficient minimum contacts exist as to both defendants; therefore, we affirm the trial court's denial of defendant Woods' motion to dismiss for lack of personal jurisdiction, and we reverse the trial court's granting of defendant Davis' motion to dismiss.

Only defendant Woods has brought forward on appeal the issue of insufficient service of process. We have carefully examined the record, and we conclude that defendant Woods was properly served in accordance with the requirements of N.C. Gen. Stat. § 1A-1, Rule

4(j)(1)c (1990). Thus, the trial court properly denied defendant Woods' motion to dismiss on this ground.

Affirmed in part, reversed in part, and remanded for further proceedings.

Judges MARTIN, JOHN C. and SMITH concur.