JAMES E. ROBBINS, THOMAS M. ROBBINS, ROBBINS INVFOR LTD., ROBBINS INVESTMENTS, LLC, Plaintiffs v. LEO INGHAM, VICTOR GAMBLE, PAUL LONGHURST, TRINITY COURT MANAGEMENT, LTD., Defendants

No. COA05-1567

(Filed 17 October 2006)

**1. Appeal and Error— service of record on appeal—extension of time**

The trial court did not abuse its discretion by deeming plaintiffs' service of the record on appeal timely where there were multiple appellants, cross appeals, and an apparent misunderstanding about the time available under the circumstances. Appellate Rule 27(c) allows an extension of time even after the deadline for service has passed.

**2. Jurisdiction— personal—long-arm statute—director of offshore investment company**

The trial court did not err by dismissing for lack of personal jurisdiction claims against a resident of the Isle of Guernsey (Gamble) who was also the director of a corporation chartered in Guernsey. Plaintiffs were contacted about investment opportunities by a North Carolina attorney, not by Gamble, the money was transferred to a corporation incorporated by the North Carolina attorney, which then wired it to defendants, and defendant Gamble was not subject to personal jurisdiction by the North Carolina courts under N.C.G.S. § 1-75.4(4) or (5).

**3. Jurisdiction— personal—due process—offshore corporate director—no contact with N.C.**

It was noted that a resident of the Isle of Guernsey (Gamble) had insufficient minimum contacts to satisfy due process where plaintiffs were contacted about investment opportunities by a North Carolina attorney, not by Gamble, and Gamble's affidavit states that he has never visited North Carolina, spoken with plaintiffs, or given investment advice to plaintiffs. Personal jurisdiction over an individual officer or employee of a corporation may not be predicated merely upon the corporate contacts with the forum.

Appeal by plaintiffs from an order entered 8 July 2005 by Judge Albert Diaz in Mecklenburg County Superior Court. Cross-appeal by defendants from orders entered 11 March 2005 and 31 October 2005

by Judge Albert Diaz in Mecklenburg County Superior Court. Heard in the Court of Appeals 21 August 2006.

*Vann Law Firm, P.A., by Christopher M. Vann, for plaintiff appellants, cross-appellees.*

*Smith Moore, LLP, by Alan W. Duncan, Manning A. Connors, and Heather H. Wright, for defendant appellees, cross-appellants.*

McCULLOUGH, Judge.

Plaintiffs appeal from an order granting defendant Victor Gamble ("Gamble") and defendant Paul Longhurst's ("Longhurst") motion to dismiss for lack of personal jurisdiction. Gamble and Longhurst cross-appeal from an order deeming service of the proposed record timely and from an order entered denying their motion to dismiss for insufficient service of process. We affirm.

## FACTS

Plaintiffs James Robbins ("J. Robbins") and Thomas Robbins ("T. Robbins") were residents of North Carolina. Defendants Leo Ingham ("Ingham") and Gamble were directors of defendant Trinity Court Management, Ltd. ("Trinity Court"), a corporation chartered in the Isle of Guernsey. Gamble was a resident of the Isle of Guernsey. Longhurst was a resident of the Isle of Guernsey and an employee of Trinity Court.

Phillip Hegg ("Hegg"), an attorney and resident of Charlotte, North Carolina, was retained by Trinity Court as its representative in North Carolina. J. Robbins and T. Robbins claimed Hegg contacted them about an investment opportunity with Trinity Court and that defendants guaranteed the safety of their principal in the investment. Subsequently, J. Robbins and T. Robbins transferred $600,000 to Trinity Court for investment purposes. They alleged, thereafter, that their investment suffered a loss in excess of $425,000.

On 1 October 2004, J. Robbins, T. Robbins, Robbins Invfor Ltd. and Robbins Investments, LLC filed suit against Ingham, Gamble, Longhurst, and Trinity Court seeking damages for their losses.[1] After

---

1. A companion case was filed involving different plaintiffs and the same defendants, *Rodgers v. Ingham*, 179 N.C. App. 864, —— S.E.2d —— (2006). The legal issues and material facts of that case and the instant case are the same.

the suit was filed, Gamble and Longhurst filed a motion to dismiss for lack of personal jurisdiction and improper service. Affidavits were submitted and a hearing occurred. On 11 March 2005, the trial court denied the individual defendants' motion to dismiss for insufficient service of process. On 8 July 2005, the trial court granted Gamble and Longhurst's motion to dismiss for lack of personal jurisdiction, but denied Ingham's.

On 5 August 2005, Ingham filed a notice of appeal.[2] Then, on 8 August 2005, plaintiffs filed a notice of appeal from the order granting Gamble and Longhurst's motion to dismiss for lack of personal jurisdiction. On 18 August 2005, Gamble and Longhurst filed a cross notice of appeal from the earlier order denying their motion to dismiss for insufficient service of process.

On 26 August 2005, Ingham filed a motion for an extension of time up to and including 10 October 2005 to serve his proposed record on appeal because he needed additional time in which to prepare the record because he claimed he had engaged in ongoing settlement discussions. Ingham's motion stated that counsel for all parties consented to it and an order granting the motion was entered 26 August 2005. Subsequent to the trial court's order entered 26 August 2005, plaintiffs' counsel stated in a motion to deem service timely that it became apparent that Ingham would not continue his appeal as a result of a tentative settlement. Therefore, plaintiffs' counsel prepared the proposed record on appeal and served it on defendants. On 17 October 2005, plaintiffs filed a motion to deem the service of the proposed record timely. On 18 October 2005, Gamble and Longhurst filed a motion to dismiss plaintiffs' appeal pursuant to Rule 11 of the Rules of Appellate Procedure asserting that plaintiffs' proposed record on appeal was not served timely. On 31 October 2005, the trial court entered an order finding plaintiffs' service of the proposed record timely, and denying Gamble and Longhurst's motion to dismiss. Finally, on 7 November 2005, Gamble and Longhurst filed a further cross notice of appeal from an order filed 31 October 2005 which denied their motion to dismiss plaintiffs' appeal.

---

2. The actual notice of appeal was not included in the record on appeal, but was referred to in a consent motion for extension of time to file the record on appeal filed 26 August 2005 by Ingham. It was also referenced in defendant cross-appellants' brief and defendants note it is uncontested that Ingham filed his notice of appeal on 5 August 2005.

**ROBBINS v. INGHAM**

[179 N.C. App. 764 (2006)]

ANALYSIS

I.

**[1]** Defendants first contend that plaintiffs' appeal should be dismissed because plaintiffs did not timely serve the proposed record. We disagree.

A motion to dismiss an appeal is a matter within the discretion of the trial court. *Harvey v. Stokes*, 137 N.C. App. 119, 124, 527 S.E.2d 336, 339 (2000). "It is well established that where matters are left to the discretion of the trial court, appellate review is limited to a determination of whether there was a clear abuse of discretion." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

The North Carolina Rules of Appellate Procedure provide that "[w]hen there are multiple appellants (2 or more), whether proceeding separately or jointly, as parties aligned in interest, or as cross-appellants, there shall nevertheless be but one record on appeal, and the appellants shall attempt to agree to the procedure for constituting a proposed record on appeal." N.C.R. App. P. 11(d). The times for taking action under Rule 11 may be extended pursuant to Rule 27(c). N.C.R. App. P. 11(f). Rule 27(c) states "courts for good cause shown may upon motion extend any of the times prescribed by these rules or by order of court for doing any act required or allowed under these rules; or may permit an act to be done after the expiration of such time." N.C.R. App. P. 27(c).

In the instant case, plaintiffs filed their notices of appeal on 8 August 2005. Pursuant to N.C.R. App. P. 11, plaintiffs had 35 days to serve defendants their proposed record on appeal, but plaintiffs did not serve defendants until 11 October 2005. Subsequently, plaintiffs filed a motion to deem their service of the proposed record timely due to an extension of time that had previously been granted to Ingham, as Ingham was the initial party preparing the record. Defendants asserted that service was untimely pursuant to Rule 11, and thus motioned the trial court to dismiss plaintiffs' appeal.

In response to the parties' motions, the trial court granted plaintiffs' motions to deem service timely and denied Gamble and Longhurst's motions to dismiss the appeal. The trial court noted the apparent misunderstanding regarding the extent of time available to serve the proposed record in light of the cross-appeals in this case, but the court stated that Rule 27 allows for a party to obtain a 30-day

extension for serving the proposed record and that such extension can be granted even after the deadline for service has passed. The trial court used its discretion and construed plaintiffs' motion to deem their service of the proposed record timely as a motion for a 30-day extension under Rule 27. The 30-day extension granted by the trial court ultimately deemed plaintiffs' service of the proposed record timely. After a review of the record, we determine that it was not an abuse of discretion by the trial judge to deem plaintiffs' service of the record timely because Rule 27 allowed the trial judge to grant an extension of time to serve the record on appeal even after the deadline for service had passed.

## II.

**[2]** Next, plaintiffs contend that the trial court erred by dismissing their claims against Gamble for lack of personal jurisdiction. We disagree.

A two-step analysis is used to determine whether a non-resident defendant is subject to personal jurisdiction of North Carolina's courts. *Charter Med., Ltd. v. Zigmed, Inc.*, 173 N.C. App. 213, 215, 617 S.E.2d 352, 354, *appeal dismissed*, 360 N.C. 61, 623 S.E.2d 580 (2005). First, there must be a basis for jurisdiction under the North Carolina long-arm statute, and second, jurisdiction over the defendant must comport with the constitutional standards of due process. *Id.* On appeal, our review of a trial court's order determining personal jurisdiction is limited to " 'whether the findings are supported by competent evidence in the record; if so, this Court must affirm the order [of the trial court].' " *Id.* (citation omitted). Then, we conduct a *de novo* review of the trial court's conclusions of law based on the facts found by the trial court. *Deer Corp. v. Carter*, 177 N.C. App. 314, 321-22, 629 S.E.2d 159, 165-66 (2006).

### A. Long-arm Statute

The trial court concluded that plaintiffs have not shown any activity by Gamble that would satisfy the particular requirements of the North Carolina long-arm statute. We agree. Plaintiffs contend that Gamble is subject to the long-arm statute under N.C. Gen. Stat. § 1-75.4(4), (5) (2005). N.C. Gen. Stat. § 1-75.4(4) provides for personal jurisdiction

[i]n any action for wrongful death occurring within this State or in any action claiming injury to person or property within this

**ROBBINS v. INGHAM**

[179 N.C. App. 764 (2006)]

State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury either:

    a. Solicitation or services activities were carried on within
    · this State by or on behalf of the defendant[.]

N.C. Gen. Stat. § 1-75.4(4). Plaintiffs argue that Hegg's contact with plaintiffs, as an agent for Trinity Court, constitutes a solicitation under N.C. Gen. Stat. § 1-75.4(4) and subjects Gamble to personal jurisdiction. We disagree. This argument attempts to impute the actions of Hegg onto Gamble. We have stated that "plaintiffs may not assert jurisdiction over a corporate agent without some affirmative act committed in his individual official capacity." *Godwin v. Walls*, 118 N.C. App. 341, 348, 455 S.E.2d 473, 479, *disc. review allowed*, 341 N.C. 419, 461 S.E.2d 757 (1995). Here, J. Robbins' and T. Robbins' affidavits clearly indicate that Hegg contacted them regarding the investment opportunities, not Gamble. In fact, no statements in J. Robbins' or T. Robbins' affidavits, or in the entire record, illustrates that they were solicited by Gamble or on behalf of Gamble. Therefore, we conclude that Gamble is not subject to personal jurisdiction under N.C. Gen. Stat. § 1-75.4(4).

Plaintiffs also contend that Gamble is subject to personal jurisdiction under N.C. Gen. Stat. § 1-75.4(5) which provides for personal jurisdiction "[i]n any action which: . . . [r]elates to goods, documents of title, or other things of value shipped from this State by the plaintiff to the defendant on his order or direction[.]" N.C. Gen. Stat. § 1-75.4(5)(d). Plaintiffs argue that their transfer of $600,000 to Hegg constitutes a "thing of value" shipped from North Carolina and should subject Gamble to personal jurisdiction. We disagree. Plaintiffs cite in their brief the affidavits of J. Robbins and T. Robbins in support of their contention, but the affidavits state that the money was transferred to a corporation that was incorporated by Hegg, which in turn wired it to defendants. Nothing in the affidavits illustrate that plaintiffs transferred the money from North Carolina to Gamble on his order or direction. Therefore, we conclude that Gamble is not subject to personal jurisdiction under N.C. Gen. Stat. § 1-75.4(5).

Thus, after a review of the record, we agree with the trial court when it stated "[p]laintiffs have not shown any activity by Gamble that would satisfy the particular requirements of North Carolina's long-arm statute."

## B. Due process analysis

[3] The two subsections of the long-arm statute discussed above were the only provisions asserted by plaintiffs as conferring personal jurisdiction on Gamble. Therefore, since we have concluded that plaintiffs have not shown any activity by Gamble that would satisfy the particular requirements of North Carolina's long-arm statute, our analysis could end. We do note, however, that cases are clear that our long-arm statute was intended to make available to North Carolina courts the full jurisdictional powers permissible under due process. *Dillon v. Funding Corp.*, 291 N.C. 674, 676, 231 S.E.2d 629, 630 (1977). Thus, we will briefly address the due process analysis.

In conducting a due process analysis, we apply the standard set out in *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102 (1945): a defendant must have certain minimum contacts with our state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Tutterrow v. Leach*, 107 N.C. App. 703, 707, 421 S.E.2d 816, 819 (1992) (citation omitted). Our Supreme Court has emphasized that minimum contacts between the defendant and the forum state are absolutely necessary for our state to invoke jurisdiction. *Chadbourn, Inc. v. Katz*, 285 N.C. 700, 705, 208 S.E.2d 676, 679 (1974), *appeal dismissed*, 333 N.C. 466, 428 S.E.2d 185 (1993). It is essential that the defendant purposefully avails itself of the privilege of conducting activities within the forum state. Whether minimum contacts are present is determined by ascertaining what is fair and reasonable under the circumstances, not by using a mechanical formula. *Better Business Forms, Inc. v. Davis*, 120 N.C. App. 498, 500, 462 S.E.2d 832, 833 (1995).

The trial court concluded after having "carefully scrutinized the affidavits and other documents of record," that Gamble did not have the required minimum contacts sufficient to justify haling him into the courts of North Carolina. It appears to this Court that plaintiffs make two separate arguments. First, plaintiffs argue that Gamble, individually, had sufficient minimum contacts with North Carolina to satisfy due process, and second, that the acts of others imputed to Gamble satisfies the due process requirements. We disagree on both counts.

First, we will discuss why Gamble, individually, did not have sufficient minimum contacts with North Carolina to satisfy due process. Although Gamble was a director of Trinity Court nothing in the record illustrates that Gamble solicited plaintiffs to invest with

**ROBBINS v. INGHAM**

[179 N.C. App. 764 (2006)]

Trinity Court. In fact, the affidavits of J. Robbins and T. Robbins state that it was Hegg, not Gamble, who contacted plaintiffs regarding investment opportunities with Trinity Court. Further, the affidavit of Gamble states that he has never visited North Carolina, has never met plaintiffs, has never spoken with plaintiffs, and has never given investment advice to plaintiffs. We find nothing in the record to contradict Gamble's statements. Therefore, after a review of the record, we agree with the trial court when it concluded "[e]xcept for Gamble's status as a director and principal shareholder of . . . [Trinity Court], the . . . [trial court] has found no such contacts [sufficient to satisfy the due process requirements]."

Second, plaintiffs argue that the activities undertaken by Hegg, Ingham and Trinity Court benefitted Gamble as a director and/or shareholder of Trinity Court, thus imputing sufficient minimum contacts onto Gamble. We have stated that personal jurisdiction over an individual officer or employee of a corporation may not be predicated merely upon the corporate contacts with the forum. *Godwin*, 118 N.C. App. at 348, 455 S.E.2d at 479. The minimum contacts analysis "focuses on the actions of the non-resident defendant over whom jurisdiction is asserted, and not on the unilateral actions of some other entity." *Centura Bank v. Pee Dee Express, Inc.*, 119 N.C. App. 210, 213, 458 S.E.2d 15, 18 (1995).

Plaintiffs cite three cases in their brief in an attempt to prove that Hegg's, Ingham's and Trinity Court's contacts should be imputed to Gamble: *Better Business Forms, Inc.*, 120 N.C. App. 498, 462 S.E.2d 832; *Centura Bank*, 119 N.C. App. 210, 458 S.E.2d 15; and *Buying Group, Inc. v. Coleman*, 296 N.C. 510, 251 S.E.2d 610 (1979). All three of these cases are easily distinguished from the instant case because in all three cases the individual defendants, in addition to their roles as officers, completed an act in their individual capacities that would make them subject to personal jurisdiction. For example, in *Better Business Forms, Inc.*, we found sufficient minimum contacts existed as to two individual defendants who owned a corporate buyer, but we noted that both individuals had obligated themselves to purchase a business by signing personal guarantees. *Better Business Forms, Inc.*, 120 N.C. App. at 501, 462 S.E.2d at 834. Similarly, in *Centura Bank*, we found individual defendants subject to personal jurisdiction in North Carolina, but we also noted that the individuals were individual guarantors. *Centura Bank*, 119 N.C. App. at 214, 458 S.E.2d at 19. Finally, in *Buying Group, Inc.*, the Supreme Court of North Carolina decided the State had personal jurisdiction over an individ-

ual defendant partly because the defendant had signed a promissory note in his individual capacity, had attended trade shows in North Carolina, and had a continuing relationship with a North Carolina corporation. *Buying Group, Inc.*, 296 N.C. at 516, 251 S.E.2d at 614.

In the instant case, a review of the record does not compel us to conclude that North Carolina has personal jurisdiction over Gamble. Unlike the cases discussed, we believe the facts of this case do not show Gamble acting in his individual capacity to a point where North Carolina has personal jurisdiction over Gamble. We affirm the trial court.

## III.

Finally, defendants contend the trial court erred in holding that plaintiffs attempted service via Federal Express satisfied the Hague Convention. Since we affirm the trial court's order regarding the personal jurisdiction issue, we need not reach or consider whether the trial court erred by failing to dismiss the complaint on the basis of insufficiency of service of process.

Accordingly, the trial court did not err in granting plaintiffs' motions to deem service timely and denying Gamble and Longhurst's motions to dismiss the appeal. Further, the trial court did not err in granting Gamble's motion to dismiss for lack of personal jurisdiction. Moreover, we do not reach the issue regarding the possible insufficient service of process.

Affirmed.

Chief Judge MARTIN and Judge HUNTER concur.