DOUGLAS BROWN, SR., Plaintiff v. REFUEL AMERICA, INC., IAN WILLIAMSON, and S. BRUCE WUNNER, Defendants, and REFUEL AMERICA, INC., Third-Party Plaintiff v. DOUGLAS BROWN, SR., L. RAY THOMAS, and RAY THOMAS PETROLEUM COMPANY, INC., Third-Party Defendants

No. COA07-304

(Filed 6 November 2007)

**Jurisdiction— personal jurisdiction—corporate activities**

The trial court did not err by concluding that personal jurisdiction was properly asserted over nonresident defendants where they had asserted that their actions in North Carolina were as agents of corporate entities. The cases cited do not support the contention that the actions of a defendant as an employee or agent of another may not be considered for the purpose of establishing personal jurisdiction over defendant, and relevant North Carolina jurisprudence is to the contrary.

Appeal by Defendants from an order entered 5 January 2007 by Judge J. Gentry Caudill in Cleveland County Superior Court. Heard in the Court of Appeals 18 September 2007.

*Robinson, Bradshaw & Hinson, P.A., by Garland S. Cassada and Jonathan C. Krisko, for Douglas Brown, Sr. Plaintiff-Appellee.*

*Forman Rossabi Black, P.A., by Amiel J. Rossabi and Emily J. Meister, for Ian Williamson and S. Bruce Wunner Defendants/Third Party Plaintiff-Appellants.*

ARROWOOD, Judge.

Defendants, Ian Williamson and S. Bruce Wunner, appeal from the denial of their motion to dismiss for lack of personal jurisdiction. We affirm.

The record establishes the following: Defendant Refuel America, Inc. (Refuel), which is not a party to this appeal, is a Delaware corporation with offices in Charlotte, North Carolina. Defendant Ian Williamson, a resident of the United Kingdom, is the President and a Director of Refuel; Defendant Bruce Wunner, a resident of Florida, is Refuel's Chief Executive Officer and Vice Chairman of its Board of Directors. Ray Thomas Petroleum Company, Inc., (Thomas Petroleum) is a North Carolina corporation based in Shelby, North Carolina.

In 2005 Thomas Petroleum owed Plaintiff a sum in excess of $2,000,000.00. That year the parties negotiated a commercial transaction involving Plaintiff's loan of an additional one million dollars ($1,000,000.00) to Thomas Petroleum; Refuel's acquisition of Thomas Petroleum; and Refuel's issuance to Plaintiff of shares in Refuel. However, after Refuel's anticipated purchase of Thomas Petroleum failed to take place, a dispute arose among the parties regarding various aspects of their agreement and the proper disposition of shares in Refuel.

On 16 August 2006 Plaintiff filed suit against Defendants seeking a declaratory judgment establishing his ownership of certain shares in Refuel, and seeking damages for fraud, breach of contract, breach of fiduciary duty, civil conspiracy, negligent misrepresentation, and securities fraud. Defendants filed an unverified answer that included a motion for dismissal of Plaintiff's complaint for lack of personal jurisdiction over either Defendant. The trial court denied their motion in an order filed 5 January 2007, from which Defendants have appealed.

Standard of Review

Defendants appeal from the court's denial of their motion to dismiss for lack of personal jurisdiction.

> Preliminarily, we note that this appeal, while interlocutory, is properly before us because motions to dismiss for lack of personal jurisdiction are statutorily deemed to be immediately appealable. N.C. Gen. Stat. § 1-277(b) (2005) ("Any interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant[.]").

*Fox v. Gibson*, 176 N.C. App. 554, 556-57, 626 S.E.2d 841, 843 (2006).

> "Whether the courts of this State may exercise personal jurisdiction over a nonresident defendant involves a two-prong analysis: '(1) Does a statutory basis for personal jurisdiction exist, and (2) If so, does the exercise of this jurisdiction violate constitutional due process?' The assertion of personal jurisdiction over a defendant comports with due process if defendant is found to have sufficient minimum contacts with the forum state to confer jurisdiction."

*Jaeger v. Applied Analytical Indus. Deutschland GMBH*, 159 N.C. App. 167, 170, 582 S.E.2d 640, 643 (2003) (quoting *Golds v. Central Express Inc.*, 142 N.C. App. 664, 665-66, 544 S.E.2d 23, 25 (2001)).

As a practical matter, the two-step analysis collapses into the single question of "whether due process of law would be violated by permitting the courts of this jurisdiction to exercise their power over defendant[:]"

> By the enactment of G.S. [§] 1-75.4(1)(d) [permitting jurisdiction over any defendant 'engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise'], it is apparent that the General Assembly intended to make available to the North Carolina courts the full jurisdictional powers permissible under federal due process. . . . Thus, we hold that G.S. [§] 1-75.4(1)(d) . . . statutorily, grants the courts of North Carolina the opportunity to exercise jurisdiction over defendant to the extent allowed by due process.

*Dillon v. Funding Corp.*, 291 N.C. 674, 676, 231 S.E.2d 629, 630-31 (1977).

BROWN v. REFUEL AM., INC.

[186 N.C. App. 631 (2007)]

"Upon a defendant's personal jurisdiction challenge, the plaintiff has the burden of proving *prima facie* that a statutory basis for jurisdiction exists. Where unverified allegations in the plaintiff's complaint meet plaintiff's initial burden of proving the existence of jurisdiction and defendant does not contradict plaintiff's allegations in its sworn affidavit, such allegations are accepted as true and deemed controlling[.]" *Wyatt v. Walt Disney World, Co.*, 151 N.C. App. 158, 162-63, 565 S.E.2d 705, 708 (2002) (alterations omitted) (internal quotation marks and citations omitted). However, where the defendant submits an affidavit in support of his motion to dismiss for lack of personal jurisdiction, the court will "look to the uncontroverted allegations in the complaint and the uncontroverted facts in the sworn affidavit" in its determination of the issue. *Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 616, 532 S.E.2d 215, 218, *disc. review denied*, 353 N.C. 261, 546 S.E.2d 90 (2000). Factual allegations in Defendants' unverified answer are not competent evidence; therefore, we assume the trial court did not consider these and do not consider them on appeal. *See, e.g., Spinks v. Taylor and Richardson v. Taylor Co.*, 303 N.C. 256, 278 S.E.2d 501 (1981) (holding, in context of summary judgment proceeding, that verified complaint may be treated as affidavit); *Excel Staffing Serv., Inc. v. HP Reidsville, Inc.*, 172 N.C. App. 281, 283, 616 S.E.2d 349, 351 (2005) ("Filing an unverified answer to a complaint does not constitute a response to requests for admissions[.]"); *Hill v. Hill*, 11 N.C. App. 1, 10, 180 S.E.2d 424, 430 (1971) ("An unverified complaint is not an affidavit or other evidence.").

"The determination of whether jurisdiction is statutorily and constitutionally permissible due to contact with the forum is a question of fact. The standard of review of an order determining personal jurisdiction is whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court." *Replacements, Ltd v. MidweSterling*, 133 N.C. App. 139, 140-41, 515 S.E.2d 46, 48 (1999) (citations omitted). "Moreover, if the trial court's findings of fact resolving the defendant's jurisdictional challenge 'are not assigned as error, the court's findings are 'presumed to be correct.' " *Wyatt*, 151 N.C. App. at 163, 565 S.E.2d at 709 (quoting *Inspirational Network, Inc. v. Combs*, 131 N.C. App. 231, 235, 506 S.E.2d 754, 758 (1998)).

We first note that the trial court's denial of Defendants' dismissal motion included the following <u>unchallenged</u> findings of fact, which are thus conclusively established, *See Wyatt*:

**BROWN v. REFUEL AM., INC.**

[186 N.C. App. 631 (2007)]

2. . . . [T]he Individual Defendants on multiple occasions, visited the State of North Carolina, evaluating aspects of a transaction involving the acquisition of Thomas Petroleum Company, Inc., a North Carolina company headquartered in Shelby. While the Individual Defendants were within the State, they proposed Plaintiff Brown's involvement in this Venture, which they planned to locate in North Carolina.

3. All of the Individual Defendants' communications with Plaintiff, from which this action arises, occurred while one or both Individual Defendants were located in North Carolina, or were directed to Brown while he was located in North Carolina.

4. The offer by Williamson, on behalf of Wunner and their affiliates, for Plaintiff Brown to participate in the Venture was made to Brown in North Carolina.

5. Williamson delivered a share certificate, containing certifications by both Williamson and Wunner that the share certificate represented shares owned by Brown in North Carolina. In addition, Williamson accepted from Brown on behalf of himself, Wunner, and their affiliates, a $1 million loan proceeds check and another check in North Carolina.

6. In the Complaint, Brown asserts that Williamson's and Wunner's conduct within and without the State, including their fraudulent representations, misleading statements and omissions, among other things: (i) induced Brown to pay the $1 million loan proceeds to Thomas Petroleum, from which Williamson's and Wunner's affiliates (including a company owned by Wunner) obtained benefits of approximately $239,000; and (ii) allowed Williamson and Wunner to obtain increased benefits through the Share Exchange described in the Complaint.

7. In the Complaint, Brown asserts that Williamson's and Wunner's actions, in and directed toward the State of North Carolina, have denied Brown his equity interest in Refuel, and the value of participating in the Share Exchange, and benefitted each of Williamson and Wunner personally.

8. Refuel, a company formed by Williamson, Wunner and their affiliates, and NewGen Technologies, Inc., Refuel's parent, maintain offices in Charlotte, North Carolina. Williamson con-

tinues to serve as President and Director of Refuel. Wunner serves as Refuel's Chief Executive Officer and Vice Chairman of the Board of Directors. Williamson and Wunner continue to maintain offices of those companies located in Charlotte, North Carolina through which they have corresponded with Brown.

N.C. Gen. Stat. § 1-75.4 (2005) governs North Carolina's exercise of personal jurisdiction over a nonresident defendant. In the instant case, the court found jurisdiction to exist under the following statutory provisions authorizing the exercise of personal jurisdiction over a nonresident defendant where the plaintiff's claim arose from:

§ 1-75.4(3) . . . an act or omission within this State by the defendant.

§ 1-75.4(4)(a.) . . . an act or omission outside this State by the defendant . . . [if at] the time of the injury . . . Solicitation or services activities were carried on within this State by or on behalf of the defendant;

§ 1-75.4(5)(c.) . . . a promise [to the plaintiff] . . by the defendant to deliver or receive within this State . . . documents of title, or other things of value;

§ 1-75.4(6)(c.) . . . [a] claim that the defendant return, restore, or account to the plaintiff for any asset or thing of value which was within this State at the time the defendant acquired possession or control over it.

We easily conclude that the uncontradicted findings support the court's conclusions that both Williamson and Wunner were subject to the court's jurisdiction as defined by statute, and that their "contacts with North Carolina support the exertion of 'specific' jurisdiction, and therefore, the exercise of jurisdiction by this Court over their persons does not violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution."

We have considered and we reject Defendants' argument to the contrary. Defendants do not argue the lack of evidence of the occurrence of events set out in the trial court's findings of fact. Instead, their sole argument is that, regardless of the accuracy of the court's findings about their actions, actions they took while acting as agents of "corporate entities" don't "count" as part of the determination of jurisdiction. Defendants assert in their brief that:

absent a showing that a corporate officer or employee acted as the alter ego of the corporation or outside of his official capacity . . . jurisdiction cannot be asserted over a corporate agent without affirmative acts committed in the agents individual capacity[.]

On the basis of this contention, Defendants argue that the exercise of personal jurisdiction is defeated because:

The evidence . . . shows that the actions of Defendants Williamson and Wunner were taken or made on behalf of corporate entities for which they were employed or otherwise acted as an agent. No evidence exists as to the acts of Defendants Williamson and Wunner individually and personally.

Defendants cite *Godwin v. Walls*, 118 N.C. App. 341, 455 S.E.2d 473 (1995) and *Robbins v. Ingham*, 179 N.C. App. 764, 635 S.E.2d 610 (2006), *disc. review denied*, 361 N.C. 221, 642 S.E.2d 448 (2007) as support for their position that if "an individual acts not in his personal capacity but on behalf of another, North Carolina courts have refused to consider or count such actions for purposes of establishing personal jurisdiction over the individual[.]" This reliance is misplaced because, neither of these cases holds that, for purposes of determining the extent of a defendant's contacts with North Carolina, the actions of a defendant taken as an employee or agent of another do not "count."

Additionally, relevant North Carolina jurisprudence has held to the contrary. *See, e.g., Buying Group, Inc. v. Coleman*, 296 N.C. 510, 515, 251 S.E.2d 610, 614 (1979) (where defendant was a principal shareholder and agent for corporation, this Court holds "his corporate acts may be attributed to him for the purpose of determining whether the courts of this State may assert personal jurisdiction over him"); *Centura Bank v. Pee Dee Express, Inc.*, 119 N.C. App. 210, 213, 458 S.E.2d 15, 18 (1995) (acts taken in North Carolina by defendant who is officer and principal shareholder in corporation may be imputed to defendant individually for purpose of determining existence of minimum contacts) (citations omitted). In the instant case, it is undisputed that Defendants were officers and principals in Refuel.

As discussed above, North Carolina common law interprets G.S. § 1-75.4 to extend jurisdiction to the full extent permitted by the Due Process Clause of the U.S. Constitution. In this regard, we find it persuasive that in *Calder v. Jones*, 465 U.S. 783, 79 L. Ed. 2d 804 (1984), the United States Supreme Court expressly rejected the argument made by the instant Defendants. The *Calder* defendant, a Florida res-

ident and newspaper reporter, challenged California's exercise of personal jurisdiction over him on the basis that, notwithstanding his contacts with California, principles of due process prohibited exercise of jurisdiction on the basis of his actions as an employee of the newspaper. The United States Supreme Court disagreed:

> Petitioners are correct that their contacts with California are not to be judged according to their employer's activities there. On the other hand, their status as employees does not somehow insulate them from jurisdiction. Each defendant's contacts with the forum State must be assessed individually. . . . In this case, petitioners are primary participants in an alleged wrongdoing intentionally directed at a California resident, and jurisdiction over them is proper on that basis.

*Calder*, 465 U.S. at 790, 79 L. Ed. 2d at 813. Finally, we note that Plaintiff has moved to dismiss this appeal as frivolous and for sanctions. Appellants did not respond to the motion. Nevertheless, we have reviewed the substance of the appeal. As stated above, we find the appeal to be without merit, however, in our discretion, we decline to impose sanctions.

The trial court did not err in concluding that personal jurisdiction was properly asserted over Defendants, and that its order is

Affirmed.

Chief Judge MARTIN and Judge STROUD concur.