IN THE SUPREME COURT OF THE STATE OF NEVADA

PERRY WEITZ, ESQ., NEW YORK BAR
NO. 1961002; AND ARTHUR
LUXENBERG, ESQ., NEW YORK BAR
NO. 2008209,
Petitioners,
vs.
RUSSELL E. MARSH, ESQ., VICE
CHAIR, SOUTHERN NEVADA
DISCIPLINARY BOARD,
Respondent,
    and
STATE BAR OF NEVADA,
Real Party in Interest.

No. 81730

FILED

JUL 21 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER GRANTING PETITION

This is an original petition for a writ of prohibition challenging an order of the Southern Nevada Disciplinary Board denying a motion to dismiss disciplinary proceedings.

Petitioners are the named partners of Weitz & Luxenberg, P.C., a New York based law firm. Between January 16 and August 20, 2017, petitioners' firm contracted with Consumer Attorney Marketing Group (CAMG) to place an advertisement on national cable television that offered the firm's legal services to parties who suffered injuries from defective hernia mesh products. Petitioners' firm provided the screening staff at CAMG's call center with criteria to use to identify potential clients from those who called in response to the advertisement.

21-20951

Jonnie Carruth, a Nevada resident who suffered injuries he alleged occurred from a hernia mesh surgery, responded to petitioners' firm's advertisement. CAMG sent him a client intake package, which included a retainer agreement, questionnaire, and medical release forms, with instructions to immediately sign and return them. Without any phone or in person contact from petitioners or an attorney at their firm to explain the retainer agreement, Carruth signed the agreement on August 17, 2017, authorizing the firm to investigate "damages arising from personal injuries sustained by the Client through the wrongful conduct of defendant(s) involved in the manufacture, sale and distribution of [hernia mesh] used during a surgical procedure." The agreement explicitly stated that "the Law Firm is NOT being engaged to evaluate or file any medical malpractice claims." On October 2, 2018, the firm sent Carruth written notice, stating that his claim did not meet the criteria for a products liability case against the manufacturer and declining representation on that basis.

Carruth filed a grievance with the State Bar of Nevada because by the time petitioners' firm sent notice declining representation, the statute of limitations had expired on any medical malpractice claim he may have had. After considering the grievance and petitioners' response, a disciplinary board screening panel concluded that petitioners violated RPC 1.4 (communication) and the State Bar issued a letter of reprimand. Petitioners filed a written objection, after which the State Bar filed a formal complaint alleging petitioners violated RPC 1.4. Petitioners moved for dismissal, arguing, among other things, that Nevada lacked personal jurisdiction to conduct disciplinary proceedings against them. The vice chair of the Southern Nevada Disciplinary Board panel concluded that Nevada had specific personal jurisdiction over petitioners because (1)

petitioners purposefully availed themselves of doing business in Nevada by advertising in Nevada and entering into a retainer agreement with a Nevada resident, (2) the retainer agreement resulted from the firm's solicitation of Carruth, and (3) petitioners failed to show that exercising jurisdiction over them would be unreasonable. This petition for writ relief follows.[1]

Having considered the petition, answer, reply, and supporting documents, we conclude that writ relief is warranted because Nevada lacks personal jurisdiction over petitioners. *Fulbright & Jaworski LLP v. Eighth Judicial Dist. Court*, 131 Nev. 30, 35, 342 P.3d 997, 1001 (2015) (observing that Nevada appellate courts apply a de novo standard of review to a lower tribunal's determination of personal jurisdiction and that a writ of prohibition is an appropriate means for addressing an invalid exercise of personal jurisdiction over a party). To survive the petitioners' motion to dismiss for lack of personal jurisdiction, the State Bar must "make a prima facie showing of personal jurisdiction" by "produc[ing] some evidence in support of all facts necessary for a finding of personal jurisdiction." *Trump v. Eighth Judicial Dist. Court*, 109 Nev. 687, 692, 857 P.2d 740, 743-44 (1993). "Under the Fourteenth Amendment's Due Process Clause, a nonresident defendant must have sufficient 'minimum contacts' with the forum state so that subjecting the defendant to the state's jurisdiction will 'not offend traditional notions of fair play and substantial justice.'" *Fulbright*, 131 Nev. at 36, 342 P.3d at 1001 (quoting *Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 122 Nev. 509, 512, 134 P.3d 710, 712 (2006) (internal quotation marks omitted)).

---

[1]On petitioners' motion, the disciplinary panel chairperson stayed the disciplinary proceedings pending resolution of this writ petition.

As a general principle, "personal jurisdiction over an individual officer or employee of a corporation may not be predicated merely upon the corporate contacts with the forum." *Robbins v. Ingham*, 635 S.E.2d 610, 615 (N.C. Ct. App. 2006). A state cannot assert jurisdiction over a corporate agent without some affirmative act committed by that individual to establish the requisite minimum contacts. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) ("[J]urisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him . . . ."); *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1109 (9th Cir. 2020) ("We do not impute a corporation's forum contacts to each of the corporation's employees. Instead, we assess whether each individual had minimum contacts with the forum such that the exercise of jurisdiction over that individual would comport with traditional notions of fair play and substantial justice."). In opposing petitioners' motion to dismiss, the State Bar presented evidence of petitioners' firm's contacts with Nevada but did not provide any evidence that petitioners themselves crafted the national advertisement, directed it to be aired in Nevada, established the procedures for evaluating hernia mesh claims or communicating with potential clients, or were otherwise involved in Carruth's case. Accordingly, we conclude that the State Bar did not present prima facie evidence that Nevada has personal jurisdiction over petitioners for purposes of this attorney discipline matter.[2] *Trump*, 109 Nev. at 692, 857 P.2d at 743-44. Thus, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF PROHIBITION instructing the

---

[2]In light of our disposition, we need not address petitioners' argument regarding disciplinary subject matter jurisdiction under SCR 99.

Southern Nevada Disciplinary Panel to dismiss the State Bar of Nevada's complaint.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cadish

_____, J.
Silver

_____, J.
Herndon

cc:    Russel E. Marsh, Vice Chair, Southern Nevada Disciplinary
        Chair, Southern Nevada Disciplinary Board
        Bar Counsel, State Bar of Nevada
        Campbell & Williams
        Executive Director, State Bar of Nevada

STIGLICH, J., with whom PICKERING, J., agrees, concurring:

The State Bar presented no evidence showing that the individual petitioners had any contacts whatsoever with Nevada. I therefore agree that the State Bar did not establish personal jurisdiction over petitioners. I write separately to emphasize the narrowness of the court's reasoning. The court does not decide whether petitioners would have been subject to discipline if there were evidence that they were personally involved in Carruth's case. Nor does the court decide whether petitioners' law firm—which ran an advertisement in Nevada and consequently entered into a retainer agreement with a Nevada resident regarding injuries he suffered in Nevada—is itself subject to jurisdiction in Nevada. That question is plainly not controlled by *Fulbright & Jaworski, LLP v. Eighth Judicial District Court*, 131 Nev. 30, 342 P.3d 997 (2015), in which a Nevada resident solicited a Texas-based law firm to handle a Texas real estate matter. Finally, the court does not question the universal rule that, where personal jurisdiction is unchallenged, the principals of a law firm are subject to discipline for the acts of subordinates whom they have a duty to supervise. NRPC 5.1, 5.3. On this understanding, I concur.

_____, J.
Stiglich


I concur:

_____, J.
Pickering